# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-10886
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 29, 2014

Lyle W. Cayce
Clerk

ISRAEL GARCIA, JR.; MELISSA R. GARCIA,

Plaintiffs - Appellants

v.

JENKINS BABB, L.L.P.; ROBERT EDISON JENKINS; MICHAEL JASON BABB,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-3171

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Plaintiff Israel Garcia, Jr., and his wife Melissa R. Garcia appeal from an interlocutory judgment in favor of the Defendants arising out of their role in the collection of debt owed to Wells Fargo Bank. We AFFIRM.

Sometime before November 2010, the Garcias allegedly incurred a debt to Wells Fargo Bank. On November 17, 2010, the Garcias received a collection

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

letter from the Dudley Law Firm. The attorneys were acting on behalf of Primary Financial Services. They instructed the Garcias to make prompt arrangements to pay off a debt of $17,018.68. The Garcias allegedly responded by demanding validation of the debt but received no reply. On January 14, 2011, a different collection agency, Jenkins/Babb, LLP, sent the Garcias a second letter demanding they begin paying on a personal loan account with Wells Fargo Bank, this time indicating that $15,954.32 would satisfy their indebtedness. This letter, as did the first, threatened suit if the Garcias failed to comply.

Noticing the discrepant debt amounts cited in the two letters, the Garcias replied to Jenkins/Babb with a copy to the Dudley firm, demanding that it stop all collection action and provide them with proof of their debt. Jenkins/Babb provided the Garcias with documents related to their loan. On March 31, 2011, Jenkins/Babb initiated a collection action against the Garcias in state court on behalf of Wells Fargo Bank. A judgment against the Garcias was entered. The Garcias responded with their own suit in federal court against the companies and individuals involved in the attempted collection of this debt. This appeal pertains strictly to Defendants Jenkins/Babb, Robert Jenkins, and Jason Babb (collectively, the "Jenkins Defendants").

In their initial complaint, the Garcias alleged that the Jenkins Defendants' attempts to collect the debt owed to Wells Fargo Bank violated the Federal Debt Collection Practices Act ("FDCPA"), Texas Debt Collection Practices Act ("TDCPA"), and a related provision of the Texas Deceptive Trade Practices Act ("TDTPA"). The Jenkins Defendants moved to dismiss the complaint, arguing that the Garcias failed to state a claim against them. The magistrate judge agreed and recommended dismissal of all claims. The district judge, however, allowed the Garcias to amend their complaint out of concern they had failed to present their best case. The Garcias filed another complaint,

No. 13-10886

and the Jenkins Defendants again moved to dismiss. The district judge accepted the magistrate judge's renewed recommendation that the claims be dismissed with prejudice. Appeal is proper because judgment was entered pursuant to Federal Rule of Civil Procedure 54.

DISCUSSION

We review a district court's grant of a motion to dismiss *de novo*. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). To overcome a motion to dismiss, a plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of elements of a cause of action" and "conclusory statements" are no substitute for factual content. *Id.*

I.     *Fair Debt Collection Practices Act claims*

The Garcias first alleged that the Jenkins Defendants violated the FDCPA. Only financial obligations incurred for purchases "primarily for personal, family, or household purposes" qualify as consumer "debt" subject to the rules and regulations of the FDCPA. 15 U.S.C. § 1692a(5). When determining the type of debt at issue for the purposes of the FDCPA, courts focus on the precise transaction for which the loan proceeds were used, not the purpose for which an account was opened or the label of the ongoing obligation. *See Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, LLC*, 214 F.3d 872, 875 (7th Cir. 2000). Focusing on the nature of the purchase or transaction comports with the FDCPA's intent to regulate "debt collection tactics employed against *personal* borrowers," who, unlike commercial borrowers, are more likely to fall "prey to unscrupulous collection methods." *Id.* (emphasis in original).

3

No. 13-10886

The Garcias, who are proceeding *pro se* on appeal, accuse the district court of misinterpreting their arguments and citing to inapplicable case law. These arguments mostly fail to address the district court's critical finding, which was that the third amended complaint lacked any facts to suggest that the Garcias' debt was incurred through a consumer transaction.[1] *See* 15 U.S.C. § 1692a(5). The Garcias briefly argue that the district court erred by not relying on their allegation that their financial obligation arose out of "a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes" was enough to establish their claim. The district court was correct, though, because the third amended complaint's recitation of Section 1692a(5)'s key phrase, without any accompanying factual content, is exactly the sort of "threadbare recital of a cause of action" that cannot survive the motion to dismiss. *Iqbal*, 556 U.S. at 678.

We have reviewed the third amended complaint for facts to support the Garcias' conclusory allegation. There are none. The third amended complaint describes the defendants' attempt to collect the debt but the original transaction is not described. Even in their briefing, the Garcias attack the district court's opinion but give no indication what item was purchased or what service was paid for, much less explain how the item or service was intended for personal or family use. The district court gave the *pro se* Garcias ample opportunity to plead their best case, yet the Garcias fail to identify facts fundamental to their FDCPA claims. Accordingly, the district court did not err in dismissing these claims with prejudice.

---

[1] The district court also found that Jason Babb could not be individually or vicariously liable for the acts of the LLC. We choose not to review this issue in light of our finding that the Garcias' FDCPA claim had another flaw.

No. 13-10886

## II.    *Texas Debt Collection Practices Act and Texas Deceptive Trade Practices Act claims*

The Garcias also attempted to assert a stand-alone claim against the Jenkins Defendants under the catch-all provision of the TDCPA, and other unspecified violations made actionable through the TDCPA's tie in with the TDTPA.  *See* TEX. FIN. CODE. ANN. §§ 392.304(a)(19) & 392.404(a).  They also invoked the TDTPA's complimentary provision granting a private right of action to consumers harmed by violations of the TDCPA. TEX. BUS. & COM. CODE ANN. § 17.50(b).  The TDCPA, like its federal counterpart, defines consumer debt as "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction."  TEX. FIN. CODE. ANN. § 392.001(2); *see also Guajardo v. GC Servs., LP*, 498 F. App'x 379, 382 (5th Cir. 2012).  Similarly, "to qualify as a consumer [under the TDTPA], 'a person must have sought or acquired goods or services by purchase or lease' and 'the goods and services purchased or leased must form the basis of the complaint.'" *Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 765 (N.D. Tex. 2012) (quoting *Cameron v. Terrell & Garrett*, 618 S.W.2d 535, 539 (Tex. 1981)).

With respect to these state law claims, the district court determined that the Garcias' reliance on Section 392.304(a)(19) of the TDCPA failed because they did not allege facts to support their allegation that the Jenkins Defendants used "false representations" or "deceptive means" in their collection efforts.   *See* TEX. FIN. CODE. ANN. §§ 392.304(a)(19).  The Garcias take issue with this finding, arguing that their reference to the different amounts requested in the first and second letter was a fact that qualifies as false or deceptive.  We agree with the district court that this factual allegation alone does not constitute deception.  The Garcias do not, for instance, allege that the amount requested by the Jenkins Defendants in their collection letter

5

was false.  After reviewing the third amended complaint, we find a history of the defendants' collection efforts but nothing that rises to the level of a false, fraudulent, or deceptive collection technique.

The Garcias' TDCPA stand-alone claims and their claims through its tie-in provision fail for the same reason as their federal claims.  For a collection practice to be actionable under the TDCPA, the debt at issue must arise out of a consumer transaction. *See* TEX. FIN. CODE. ANN. § 392.001(2).  The TDTPA independently contains a similar requirement.  *See Hurd*, 880 F. Supp. 2d at 765.  Because the Garcias never alleged facts to support their allegation that their financial obligation arose out of a transaction primarily for personal or family use, the district court correctly concluded that they did not allege facts sufficient to support their state law claims.

AFFIRMED.

6