**Israel GARCIA, Jr.; Melissa R. Garcia, Plaintiffs–Appellants**

v.

**PRIMARY FINANCIAL SERVICES; Margaret Morrissey; Chris Gilbert; Dustin T. Dudley, Attorney at Law, Defendants–Appellees.**

No. 14–10012
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 28, 2015.

Israel Garcia, Jr., Red Oak, TX, pro se.

Melissa R. Garcia, Red Oak, TX, pro se.

William Keith Wier, Bush & Ramirez, P.L.L.C., Houston, TX, for Defendants–Appellees.

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM: *

Israel Garcia, Jr., and Melissa R. Garcia appeal the summary judgment dismissing their third amended complaint that urged claims against Primary Financial Services, Margaret Morrissey, Chris Gilbert, and Dustin T. Dudley under the Federal Debt Collection Practices Act, the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act. *See* 15 U.S.C. §§ 1692–1692p; TEX. FIN.CODE ANN. §§ 392.001–392.404; TEX. BUS. & COM.CODE ANN. §§ 17.41–17.50. We affirm.

The Garcias alleged that the debt that is the focus of the third amended complaint had arisen "from a transaction in which the money, property, insurance or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes." We have decided previously that "the third amended complaint lacked any facts to suggest that the Garcias' debt was incurred through a consumer transaction." *Garcia v. Jenkins Babb, L.L.P.,* 569 Fed.Appx. 274, 276 (5th Cir.2014); *see* 5TH CIR. R. 47.5.4. We concluded that "the third amended complaint's recitation of a key [statutory] phrase, without any accompanying factual content," was merely a "threadbare recital of a cause of action." *Garcia,* 569 Fed.Appx. at 276 (internal quotation marks and citation omitted); *see* § 1692a(5). Further, we concluded that the Garcias' state-law allegations, too, were conclusory. *Garcia,* 569 Fed.Appx. at 276–77. We will not reexamine those issues. *See Arizona v. California,* 460 U.S. 605, 618–19, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983); *Loumar, Inc. v. Smith,* 698 F.2d 759, 762 (5th Cir.1983). We review all other issues in this case de novo. *See Morris v. Equifax Info. Servs., LLC,* 457 F.3d 460, 464 (5th Cir.2006).

In opposing summary judgment, the Garcias have presented nothing new. Their opposition is based only on a repetition of the third party complaint's thread-

---

bare recitals and conclusory allegation that the debt in question was incurred primarily for personal, family, or household purposes. That is insufficient. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 884, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990); *Clark v. America's Favorite Chicken Co.,* 110 F.3d 295, 297 (5th Cir.1997).

Because the Garcias sought no relief under Federal Rule of Civil Procedure 56(d), their argument concerning discovery is unavailing. *See Raby v. Livingston,* 600 F.3d 552, 561 (5th Cir.2010); *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1285 (5th Cir.1990). Also, given that judgment is proper as a matter of law under Rule 56(a) without regard to the business records and affidavit submitted with the summary judgment motion, all arguments concerning those matters are moot.

AFFIRMED.

![black bar]

![black bar]

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.