# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10012
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 28, 2015

Lyle W. Cayce
Clerk

ISRAEL GARCIA, JR.; MELISSA R. GARCIA,

Plaintiffs-Appellants

v.

PRIMARY FINANCIAL SERVICES; MARGARET MORRISSEY; CHRIS GILBERT; DUSTIN T. DUDLEY, Attorney at Law,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:11-CV-3171

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Israel Garcia, Jr., and Melissa R. Garcia appeal the summary judgment dismissing their third amended complaint that urged claims against Primary Financial Services, Margaret Morrissey, Chris Gilbert, and Dustin T. Dudley under the Federal Debt Collection Practices Act, the Texas Debt Collection Practices Act, and the Texas Deceptive Trade Practices Act. *See* 15 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§§ 1692-1692p; TEX. FIN. CODE ANN. §§ 392.001-392.404; TEX. BUS. & COM. CODE ANN. §§ 17.41-17.50.  We affirm.

The Garcias alleged that the debt that is the focus of the third amended complaint had arisen "from a transaction in which the money, property, insurance or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes."  We have decided previously that "the third amended complaint lacked any facts to suggest that the Garcias' debt was incurred through a consumer transaction."  *Garcia v. Jenkins Babb, L.L.P.*, 569 F. App'x 274, 276 (5th Cir. 2014); *see* 5TH CIR. R. 47.5.4.  We concluded that "the third amended complaint's recitation of a key [statutory] phrase, without any accompanying factual content," was merely a "threadbare recital of a cause of action."  *Garcia*, 569 F. App'x at 276 (internal quotation marks and citation omitted); *see* § 1692a(5).  Further, we concluded that the Garcias' state-law allegations, too, were conclusory.  *Garcia*, 569 F. App'x. at 276-77.  We will not reexamine those issues.  *See Arizona v. California*, 460 U.S. 605, 618-19 (1983); *Loumar, Inc. v. Smith*, 698 F.2d 759, 762 (5th Cir. 1983).  We review all other issues in this case de novo.  *See Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460, 464 (5th Cir. 2006).

In opposing summary judgment, the Garcias have presented nothing new.  Their opposition is based only on a repetition of the third party complaint's threadbare recitals and conclusory allegation that the debt in question was incurred primarily for personal, family, or household purposes.  That is insufficient.  *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 884 (1990); *Clark v. America's Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997).

Because the Garcias sought no relief under Federal Rule of Civil Procedure 56(d), their argument concerning discovery is unavailing.  *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010); *Washington v. Allstate Ins.*

No. 14-10012

*Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).  Also, given that judgment is proper as a matter of law under Rule 56(a) without regard to the business records and affidavit submitted with the summary judgment motion, all arguments concerning those matters are moot.

AFFIRMED.