John L. SHORTS, Jr., et al., Plaintiffs,

v.

James R. PALMER, et al., Defendants.

Civ. A. No. C–2–93–375.

United States District Court,
S.D. Ohio,
Eastern Division.

Feb. 7, 1994.

Edward A. Icove, Cleveland, OH and Theresa E. Morelli, Steubenville, OH, for plaintiffs.

James R. Palmer, Orlando, FL and Curtis F. Gantz, Lane, Alton & Horst, Columbus, OH, for defendants.

## OPINION AND ORDER

ABEL, United States Magistrate Judge.

Plaintiff John L. Shorts, Jr. initiated this action in April 1993 alleging that defendants engaged in unfair debt collection practices in violation of the Federal Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act (hereinafter referred to as the "Ohio Act"), Ohio Revised Code § 1345.01, *et seq.* This matter is presently before the Court for consideration of the following motions: (1) Rite Aid of Ohio, Inc. and Rite Aid Corporation's Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Subject Matter Jurisdiction; (2) Motion of James R. Palmer, Garfinkel & Palmer, P.A., and Loss Prevention Specialists to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim; and (3) Plaintiff's Motion to Strike.

## Background

The Complaint alleges the following facts, which the Court assumes to be true for purposes of ruling on defendants' case-dispositive motions. On August 6, 1992, an employee of the Rite Aid Drug Store in Steubenville, Ohio stopped plaintiff Shorts and accused him of stealing two boxes of cigars valued at $1.74. Plaintiff offered to pay for the cigars, but the Rite Aid employee refused the offer. Rite Aid took possession of the cigars before plaintiff left the store. Plaintiff's October 13, 1993 Brief in Opposition at page 19. Rite Aid did not file criminal charges against plaintiff Shorts. Later that month, plaintiff received a letter from defendant James R. Palmer, acting as a legal representative of Rite Aid of Ohio, Inc. and/or Rite Aid Corporation, in which Palmer demanded that plaintiff Shorts pay Rite Aid $106.59 in tort damages allegedly arising from his attempted theft:

> Please be advised that this office represents Rite Aid regarding its claim against you for civil damages. Records provided to us indicate that on 8/06/92, you took possession or attempted to take the following merchandise/assets, without the retailers consent, without paying and with intent to deprive the retailer of said merchandise/assets. The records indicate that the item(s) taken, valued at $1.74 were:
>
> [CIGARS]
>
> State Statutes: Ohio Revised Code Annotated 2307.60
>
> Anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action, unless specifically excepted by law, and may recover the costs of maintaining the civil action, exemplury [sic] damages, and attorney's fees under the common law of this state.
>
> Based upon such statutes our client is claiming the following amount:

Civil Damages ......................... $106.59
Total Amount Demanded ................ $106.59 <<<<<

Should we fail to receive payment from you within thirty (30) days of the date of this letter, we may advise our client to pursue all civil remedies as allowed by law. August 21, 1992 letter by James R. Palmer.

Palmer is a member of the law firm of Garfinkel & Palmer, P.A., and owns and manages Loss Prevention Specialists. In September 1992, Shorts' counsel informed defendant James R. Palmer that plaintiff disputed the alleged debt. Defendants have apparently taken no subsequent action to collect money from plaintiff Shorts.

Plaintiff alleges that defendants failed to provide information to plaintiff as required by 15 U.S.C. §§ 1692b and 1692e and failed to advise plaintiff of his right to dispute the debt and obtain verification. 15 U.S.C. § 1692g. Plaintiff further alleges that defendants have engaged in a pattern of violations of the FDCPA, including those described above. Plaintiff's remaining allegations relate to his claim under the Ohio Act. Plaintiff seeks to maintain this action on behalf of a class of similarly situated persons.

All defendants move for dismissal of plaintiff's claims on two grounds. First, defendants argue, pursuant to Fed.R.Civ.P. 12(b)(6), that plaintiff has not stated an FDCPA claim upon which relief may be granted, because the requested tort damages do not constitute a debt for purposes of that act. Pursuant to Fed.R.Civ.P 12(b)(1), defendants argue that this Court lacks jurisdiction over the subject matter of plaintiff's claim under the Ohio Act by virtue of the fact that his federal claim must be dismissed, thereby depriving this Court of pendent jurisdiction over the state law claim.

In support of their motion, defendants James R. Palmer, Garfinkel & Palmer, P.A., and Loss Prevention Specialists attach an informal Federal Trade Commission staff letter stating an opinion on the applicability of the FDCPA and an Assistant Ohio Attorney General's letter opining on the applicability of the Ohio Act. Plaintiff moves to strike both exhibits on the ground that they are not legally binding and, thus, not proper evidence.

### The Motions to Dismiss

■ In establishing the FDCPA, Congress delineated its purpose and applicability as follows:

It is the purpose of this subchapter to eliminate the abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

15 U.S.C. § 1692(e).

Congress defined the term "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). "Debt" is defined as

any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a(5).

Plaintiff strenuously argues that the statutory definition of "debt" is "any obligation or alleged obligation", 15 U.S.C. § 1692a(5), that Rite Aid's position is that plaintiff is legally obligated to pay it $106.59 because of a duty imposed upon him by statute (O.R.C. § 2307.60), and that § 1692a(5) is broad enough to include obligations imposed by statute. However, an obligation to pay money is not a debt unless it is incurred by a "consumer" and it "aris[es] out of a transaction ..." involving personal, family, or household property. § 1692a(5). The obligation asserted by Rite Aid arises out of an alleged theft involving personal property, in that the civil claim asserted under O.R.C. § 2307.60 is to recover damages to Rite Aid from the alleged attempted criminal theft of two boxes of cigars. Moreover, plaintiff is not a "consumer" within the meaning of § 1692a(5) with respect either to the alleged

theft or with respect to the claim asserted under O.R.C. § 2307.60. Finally, the alleged obligation to pay money arises out of a civil liability asserted under § 2307.60, not "out of a transaction in which the ... property ... which [is] the subject of the transaction are primarily for personal, family, or household purposes...." § 1692a(5).

Congress did not define the term "transaction." Defendants argue that term does not include theft and, accordingly, plaintiff cannot avail himself of a claim under the FDCPA. Although the United States Court of Appeals for the Sixth Circuit has not considered the issue presented by defendants' motions, defendants find support for their position in a case from the Third Circuit Court of Appeals. *See Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163 (3rd Cir.1987).

In *Zimmerman*, the appellate court reviewed the dismissal of a plaintiff's FDCPA claim. Plaintiff allegedly had illegally received microwave television signals. The defendants, certain cable television companies and debt collectors engaged by those companies, demanded that the plaintiff pay $300. The letter communicating the demand to the plaintiff stated that the amount would be "considered to be an out of court settlement of all prior and present claims against [the plaintiff]." *Id.* at 1166. Mr. Zimmerman sued the defendants, alleging violations of the FDCPA, and the defendants moved for dismissal pursuant to Rule 12(b)(6). The district court granted the defendants' motion to dismiss, concluding that the FDCPA did not apply to the defendants' demand. Mr. Zimmerman appealed to the United States Court of Appeals for the Third Circuit.

The circuit court concluded that "[a] threshold requirement of the FDCPA is that the prohibited practices are used in an attempt to collect a 'debt.'" *Id.* at 1167. The court noted that "the defendants' demand for $300 represented a settlement offer for potential tort liability." *Id.* The court found that "[t]he language of the statute, its legislative history and its interpretation by [the Third Circuit Court of Appeals] all support the district court's dismissal of [the FDCPA claim.]" *Id.*

Plaintiff Shorts urges this Court to ignore the reasoning of the *Zimmerman* court. He argues instead for a liberal interpretation of the statute based on definitions of the term "transaction" that he has selected from various dictionaries. As defendants note, not all dictionary definitions of the term "transaction" favor plaintiff's interpretation of the FDCPA, nor does the Court find such a dictionary definition analysis helpful. *See Watt v. Western Nuclear, Inc.*, 462 U.S. 36, 46–47, 103 S.Ct. 2218, 2224–25, 76 L.Ed.2d 400 (1983); *Aulston v. United States*, 915 F.2d 584, 589 (10th Cir.1990); *Poverty Flats Land & Cattle Co. v. United States*, 788 F.2d 676, 682 (10th Cir.1986).

■ The legislative history of the FDCPA and the fact that it was enacted as an amendment to the Consumer Credit Protection Act both counsel in favor of the dismissal of plaintiff Shorts' FDCPA claim. As the Court of Appeals for the Third Circuit noted in *Zimmerman*, the legislative history indicates that the Consumer Credit Protection Act was enacted for the protection of credit consumers, who for whatever reason, find themselves unable to perform their obligations to creditors. *See* S.Rep. 382, 95th Cong., 1st Sess. 3, reprinted in 1977 U.S.Code Cong. & Admin.News 1695, 1697 ("This bill applies only to debts contracted by consumers....") Plaintiff's theft of two boxes of cigars does not constitute a debt contracted by a consumer.

Plaintiff offers no authority for the proposition that the FDCPA applies to defendants' actions. He directs the Court's attention to one case from the District of Delaware, which has no applicability to the issue presented in this case. *Holmes v. Telecredit Service Corporation*, 736 F.Supp. 1289 (D.Del 1990). In *Holmes*, the plaintiff had presented a check to an automobile dealership in satisfaction of a contractual obligation. The check was returned unpaid, because the plaintiff's checking account did not contain sufficient funds to cover the payment. *Id.* at 1290. Telecredit Services Corporation purchased the obligation from the automobile dealership and initiated collection proceedings. *Id.* The plaintiff sued Telecredit for alleged violations of the FDCPA.

The issue presented in the *Holmes* case was whether Telecredit Services Corporation was a debt collector for purposes of the FDCPA. Plaintiff Shorts argues that the *Holmes* case is analogous to the instant case in that both involve an attempt to collect damages arising from an alleged criminal act. The Court recognizes that knowingly writing a bad check may be a criminal act. That fact was not, however, relevant to the court's decision in the *Holmes* case. That case is distinguishable from the case at bar in that plaintiff Holmes had contracted with the automobile dealership to make payments and had failed to do so. Any debt collection activity undertaken by the defendant in that case was aimed at recovering the amount that the plaintiff had obligated himself to pay.

In the case at bar, plaintiff Shorts did not enter into an agreement with the Rite Aid defendants to pay for two boxes of cigars and then default on the agreement. Had that been the case, plaintiff might now be permitted to assert a claim that some or all of the defendants had violated the provisions of the FDCPA, as did the plaintiff in *Holmes*. Plaintiff has never had a contractual arrangement of any kind with any of the defendants. The defendants did not extend him credit or engage in any other transaction with him. Accordingly, the Court concludes that the *Holmes* case is inapposite.

In sum, the Court concludes that the legislative history of the FDCPA supports the defendants' interpretation of the act, as well as that of the Third Circuit Court of Appeals. The Court is unpersuaded by any of plaintiff's arguments to the contrary. Accordingly, the Court **GRANTS** the defendants' motions to dismiss plaintiff's FDCPA claim for failure to state a claim upon which relief may be granted.

### The Motions to Dismiss Plaintiff's Ohio Law Claim

■ The defendants argue that the Court, having granted their motion to dismiss plaintiff's FDCPA claim, is without jurisdiction over the subject matter of plaintiff's claim pursuant to the Ohio Act. Defendants urge the Court to dismiss that claim, pursuant to

Fed.R.Civ.P. 12(b)(1). Because the Court concludes that it does not have original or pendent jurisdiction to consider that claim, the Court **GRANTS** the defendants' motions to dismiss.

### Plaintiff's Motion to Strike

■ When defendants James R. Palmer, Garfinkel & Palmer, P.A., and Loss Prevention Specialists filed their reply brief in support of their motion to dismiss, they attached two letters as exhibits. The first letter was written by an attorney for the Federal Trade Commission and addressed to James R. Palmer. In that letter the Trade Commission attorney expressed an opinion on the applicability of the FDCPA to the facts of this case. The second letter was written by an Assistant Ohio Attorney General to James R. Palmer and addressed the applicability of the Ohio Act.

On November 15, 1993, plaintiff Shorts moved to strike the two letters on the ground that neither represented binding authority upon this Court. Because the opinions expressed in the letters are not binding, plaintiff argues that they must be stricken pursuant to Fed.R.Civ.P. 12(f), which permits the Court to strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

The defendants did not offer the letters as binding authority but for any persuasive value they might have. They are not redundant, immaterial, impertinent, or scandalous. While they are not dispositive of any of the issues presented in this action, they are offered for whatever assistance they might provide the Court in interpreting the relevant statutes, a purpose that is completely permissible. Plaintiff Shorts' motion to strike them is **DENIED.**

### Conclusion

For the foregoing reasons, Rite Aid of Ohio, Inc. and Rite Aid Corporation's Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Subject Matter Jurisdiction is **GRANTED.** The Motion of James R. Palmer, Garfinkel & Palmer, P.A. and Loss Prevention Specialists to Dis-

177

miss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim is also **GRANTED.** Plaintiff's Motion to Strike is **DENIED.** This action is **DISMISSED** in its entirety.