**Joseph CORETTI, Plaintiff,**

v.

**Daniel J. LEFKOWITZ, and Daniel J. Lefkowitz, Esq., P.C., Defendants.**

**Civil No. 3:97CV00586(PCD).**

United States District Court, D. Connecticut.

June 6, 1997.

**4**

Kent M. Miller, Bridgeport, CT, for Plaintiff.

Michael G. Considine, Catherine Dugan O'Connor, Day, Berry & Howard, Stamford, CT; Daniel J. Lefkowitz, Wayne R. Louis, of Daniel J. Lefkowitz, P.C., Jericho, NY, for Defendants.

*RULING ON MOTION TO DISMISS*

DORSEY, Chief Judge.

Defendants Daniel J. Lefkowitz and Daniel J. Lefkowitz, Esq., P.C. ("Defendants") move to dismiss Plaintiff's claims under the Federal Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (the "FDCPA"). For the following reasons, Defendants' motion to dismiss is GRANTED.

**I. *BACKGROUND***

Plaintiff subscribed for cable television services supplied by Defendants' client, Cablevision Systems of Southern Connecticut, L.P. ("Cablevision"). By letter dated April 29, 1996, Defendants charged Plaintiff with purchasing an illegal decoding device used in obtaining premium cable services, in violation of federal and state law. Defendants demanded, among other things, $4,000 to settle the matter. Plaintiff did not settle with Cablevision, and Defendants filed suit on behalf

of Cablevision in the United States District Court for the District of Connecticut, alleging violations of the Federal Communications Act of 1934, *as amended,* 47 U.S.C. §§ 553(a)(1), 605(a), and state law.[1]

Plaintiff seeks damages from Defendants under § 1692k of the FDCPA, for mental anguish, embarrassment, humiliation and damage to his reputation. Plaintiff also seeks to recover his legal fees and expenses incurred in defending Cablevision's lawsuit. He alleges a violation of the FDCPA in attempting to collect a "debt" owed to Cablevision. Specifically, he asserts that Defendants' conduct in, among other things, sending the April 29 letter and commencing the federal lawsuit on Cablevision's behalf violated the FDCPA.

**II. *DISCUSSION***

*A.  Standard of Review*

■ A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Yale Auto Parts, Inc. v. Johnson,* 758 F.2d 54, 58 (2d Cir.1985) (*quoting Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)). A motion to dismiss must be decided on the facts as alleged in the complaint. *Goldman v. Belden,* 754 F.2d 1059, 1065–66 (2d Cir.1985). All facts alleged in the complaint are presumed to be true and are considered in the light most favorable to the non-movant. *Williams v. Avco Lycoming,* 755 F.Supp. 47, 49 (D.Conn.1991). A court, however, is not required to accept legal conclusions that are not supported by factual allegations. *Packer v. Yampol,* 630 F.Supp. 1237, 1241 (S.D.N.Y.

1. A copy of the April 29, 1996 letter and the proposed settlement agreement are attached as Exhibit A to the Memorandum of Law in Support of Defendants' Motion for Order Dismissing Plaintiff's Complaint Pursuant to Fed.R.Civ.P. 12(b)(6) ("Memo. Supp."). Defendants' complaint in *Cablevision Systems of Southern Connecticut, L.P., v. Joe Coretti. et al.,* Case No. 3:96cv1766, is attached as Exhibit B to the Memo. Supp. When presented with material outside of the pleadings on a motion to dismiss, a court must either disregard such material or give the parties notice that the motion is being con-

verted into one for summary judgment and permit the parties to submit evidence. *Kopec v. Coughlin,* 922 F.2d 152, 155–56 (2d Cir.1991) (citing Fed.R.Civ.P. 12(b)(6)). Plaintiff references the April 29 letter and Defendants' lawsuit in his complaint. His claims are based largely on those documents. Accordingly, as "integral" to the complaint, those documents may be considered in deciding the motion to dismiss without converting it to one for summary judgment. *International Audiotext Network, Inc. v. AT & T,* 62 F.3d 69, 72 (2d Cir.1995) (citation omitted).

1986) (*citing* 5 C. A. Wright & A. R. Miller, *Federal Practice and Procedure: Civil* Sec. 1357, at 595–96 (1969)).

### B. Meaning of "Debt" under 15 U.S.C. § 1692

██ A cause of action under 15 U.S.C. § 1692, must be premised on the existence of a "debt." *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir.1987). "Debt" is defined as:

> "any obligation or alleged obligation of a consumer to pay money *arising out of a transaction* in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

15 U.S.C. § 1692a(5) (emphasis added).

██ A "transaction" within the FDCPA is "a transaction in which a consumer is *offered or extended the right* to acquire 'money, property, insurance or services' ... and to defer payment." *Zimmerman*, 834 F.2d at 1168 (emphasis added).[2] "[T]he paradigmatic example of a 'transaction' is when a person is *given* the opportunity to enjoy a commodity or service now, and pay later." *Vosatka v. Wolin–Levin, Inc.*, No. 94–C–4129, 1995 WL 443950, at *3 (N.D.Ill. July, 21, 1995) (emphasis added). A claim arising out of an alleged theft does not constitute a "debt" under the FDCPA. *Shorts v. Palmer*, 155 F.R.D. 172 (S.D.Ohio 1994). "[A]lthough a thief undoubtedly has an obligation to pay for the goods or services he steals, the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir.1997).

██ Plaintiff's alleged unauthorized reception of Cablevision's Pay Per View and Pre-mium Programming constitutes theft not a receipt of services giving rise to a "debt." While Cablevision did extend to Plaintiff the right to defer payment with respect to its *basic* cable package, it did not extend any such right with respect to Cablevision's Pay Per View or Premium Programming Services.

Plaintiff is correct that a debt collector cannot escape the provisions of the FDCPA by using alternative means of collecting a debt, such as through a court proceeding. However, there must be a debt. Plaintiff's alleged theft by use of an illegal decoding device does not constitute a "debt" within the meaning of the FDCPA.[3] Accordingly, Defendants' April 29 letter and the lawsuit were not an attempt to collect a "debt." [4]

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss [doc. # 7] is GRANTED. Defendants' request that this case be transferred is DENIED AS MOOT.

SO ORDERED.

---

**2.** The Second Circuit has not yet addressed this issue.

**3.** Plaintiff's reliance on *Narwick v. Wexler*, 901 F.Supp. 1275 (N.D.Ill.1995), is misplaced. In *Narwick*, the plaintiff purchased goods with a check, which was returned for insufficient funds—"the check represented Narwick's obli-gation to pay money for the purchases...." *Id.* at 1281.

**4.** *Zimmerman*, 834 F.2d at 1167 (a monetary demand for settlement of a potential tort claim is not a "debt" within the FDCPA).