20-4012-cv
*Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. New York City Dep't of Educ., et al.*

In the

# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2020

No. 20-4012-cv

DIVISION 1181 AMALGAMATED TRANSIT UNION-NEW YORK EMPLOYEES
PENSION FUND, AND ITS BOARD OF TRUSTEES,
*Plaintiff-Appellant*,

v.

NEW YORK CITY DEPARTMENT OF EDUCATION, JOFAZ
TRANSPORTATION, INC., ALLIED TRANSIT CORP., PRIDE
TRANSPORTATION SERVICES, INC., QUALITY TRANSPORTATION CORP.,
*Defendants-Appellees*.

On Appeal from the United States District Court
for the Eastern District of New York

ARGUED: JUNE 24, 2021
DECIDED: AUGUST 13, 2021

Before: LEVAL, CABRANES, and PARK, *Circuit Judges*.

This case principally presents one question: Whether Plaintiff-Appellant Division 1181 Amalgamated Transit Union-New York Employees Pension Fund and its Board of Trustees (the "Fund") plausibly stated a claim for delinquent contributions under the Employee Retirement Income Security Act of 1974. In a comprehensive and well-reasoned opinion and order dated November 2, 2020, the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*) held that the Fund had failed to do so and dismissed the Amended Complaint with prejudice. We adopt in full the reasoning of the District Court, as set forth in its opinion, and we hold that the District Court did not err in dismissing the Amended Complaint pursuant to Rule 12(b)(6) with prejudice. Accordingly, we AFFIRM the judgment of the District Court.

———————

JEFFREY S. SWYERS (Richard Scott Siegel, *on the brief*), Slevin & Hart, P.C., Washington, DC, *for Plaintiff-Appellant*.

MELISSA D. HILL (Michael Fleming and Hanna Martin, *on the brief*), Morgan, Lewis & Bockius LLP, New York, NY, *for Defendant-Appellee* New York City Department of Education.

RICHARD I. MILMAN (Netanel Newberger, *on the brief*), Milman Labuda Law Group, PLLC, Lake Success, NY, *for Defendants-*

*Appellees* Jofaz Transportation, Inc. and Allied Transit Corp.

MICHAEL A. KAPLAN (Robert J. Kipnees, *on the brief*), Lowenstein Sandler LLP, Roseland, NJ, *for Defendants-Appellees* Pride Transportation Services, Inc. and Quality Transportation Corp.

————————

PER CURIAM:

This case principally presents one question: Whether Plaintiff-Appellant Division 1181 Amalgamated Transit Union-New York Employees Pension Fund and its Board of Trustees (the "Fund") plausibly stated a claim for delinquent contributions under the Employee Retirement Income Security Act of 1974[1] ("ERISA"). In a thorough and well-reasoned opinion and order dated November 2, 2020, the United States District Court for the Eastern District of New York (Edward R. Korman, *Judge*) held that the Fund had failed to do so and dismissed the Amended Complaint with prejudice.[2] We adopt

---

[1] 29 U.S.C. § 1001 *et seq.*

[2] *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund v. New York City Dep't of Educ. et al.*, No. 14-cv-7405, ___ F. Supp. 3d ___, 2020 WL 6449268 (E.D.N.Y. Nov. 2, 2020).

3

in full the reasoning of the District Court, as set forth in its opinion and order, and we hold that the District Court did not err in dismissing the Amended Complaint pursuant to Rule 12(b)(6) with prejudice. Accordingly, we **AFFIRM** the judgment of the District Court.

## I. BACKGROUND

We include here only so much of the background of this matter as is necessary to explain our decision to affirm; a comprehensive discussion of the facts, statutes, and contractual terms at issue can be found in the District Court's excellent opinion.[3]

The Fund is an ERISA-governed, multiemployer, defined benefit pension plan, with participants that include employees of companies that provide school bus transportation to schools in New York City. The members of the Board of Trustees are fiduciaries of the Fund.

Defendant-Appellee the New York City Department of Education (the "DOE") operates the public schools in New York City. For decades, the DOE has contracted with private companies to

---

[3] *See id.*; *see also In re Bankers Tr. Co.*, 450 F.3d 121, 123 (2d Cir. 2006) (on appeal, referring to, and relying on, the district court's recitation of facts and survey of the pertinent law).

provide transportation services for students who attend school in New York City.[4] Defendants-Appellees Jofaz Transportation, Inc., Allied Transit Corp., Pride Transportation Services, Inc., and Quality Transportation Corp. (together, the "Contractors," and with the DOE, "Defendants") are companies that provide school bus services pursuant to contracts with the DOE. These contracts contain a provision called an Employee Protection Provision (the "EPP"), which governs how the Contractors fill certain employee vacancies that arise. Specifically, the EPP requires the Contractors to fill vacancies in coordination with the DOE through what are called "Master Seniority Lists," and requires the Contractors to follow certain rules about wages and benefits for employees who are hired to fill those vacancies.[5] The Fund is not a party to the school bus services contracts between the DOE and the Contractors.

---

[4] *See generally Div. 1181 A.T.U.-New York Emps. Pension Fund By Cordiello v. City of New York Dep't of Educ.*, 910 F.3d 608, 612 (2d Cir. 2018).

[5] The Fund alleges the EPP states, *inter alia*, that,

> [t]he Contractor shall sign an agreement with Division 1181 A.T.U.—New York Employees Pension Fund and Plan to participate in such plan on behalf of all operators (drivers), mechanics, dispatchers and escorts (matrons-attendants), in the event the Contractor employs escorts, who appear

In 2014 the Fund filed this action against Defendants, bringing numerous claims under ERISA as well as related state law contract claims. In 2018 the Fund filed an Amended Complaint, which is the operative pleading. The Fund alleged that the Contractors were required to contribute to the Fund, based principally on provisions in the school bus service contracts entered into by the DOE and the Contractors, and that the Contractors failed to make the required contributions. Defendants moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[6]

In a comprehensive and well-reasoned opinion and order dated November 2, 2020, the District Court principally held that the Fund failed to plausibly allege that the Contractors had obligations to contribute to the Fund under the terms of an ERISA pension plan.[7] The District Court granted Defendants' motions and dismissed the

---

on the Master Seniority Lists and who participated in the Fund and Plan.

App'x 27-28 (Amended Complaint ¶ 44).

[6] The Contractors also moved to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, which was granted by the District Court but which is not the subject of this appeal.

[7] *Div. 1181 Amalgamated Transit Union-New York Emps. Pension Fund*, ___ F. Supp. 3d at ___, 2020 WL 6449268, at *5.

Amended Complaint with prejudice.[8] Judgment in favor of Defendants entered November 4, 2020, and the Fund timely appealed.

## II. DISCUSSION

"[W]e review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6)."[9] It is well established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[10] When ruling on a motion to dismiss, "documents that are attached to the complaint or incorporated in it by reference are deemed part of the pleading and may be considered."[11] In reviewing on appeal the dismissal of a complaint pursuant to Rule 12(b)(6), we not only "accept all factual allegations as true" but also "draw all reasonable inferences in the plaintiff's favor."[12]

An ERISA plan trustee, like the Fund, may bring a civil suit against employers who are delinquent in making contributions.[13] To

---

[8] *Id.* at *9.

[9] *Austin v. Town of Farmington*, 826 F.3d 622, 626 (2d Cir. 2016).

[10] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).

[11] *Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015).

[12] *Austin*, 826 F.3d at 625.

[13] 29 U.S.C. § 1132.

7

be liable for delinquent contributions under Section 515 of ERISA, a defendant must (1) have contribution obligations that arise from either a "plan" or a "collectively bargained agreement" and (2) be an "employer" within the meaning of ERISA.[14] A plan trustee may also bring a claim under Section 409 of ERISA for a breach of fiduciary duty[15] or pursue a claim under Section 406 of ERISA if a fiduciary knowingly participates in a transaction prohibited by the statute.[16]

The Fund advances several arguments as to why Defendants are liable under ERISA. The Fund argues that the Contractors are liable for delinquent contributions under ERISA, principally taking the position that the Contractors were obliged to contribute to the Fund under the terms of the school bus service contracts entered into by the DOE and the Contractors. The Fund also argues that all Defendants are liable under ERISA under a breach-of-fiduciary-duty theory of liability or, in the alternative, a non-fiduciary theory of liability premised on allegedly prohibited transactions.

---

[14] *Id*. § 1145; *see also Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund & Annuity Fund v. Lollo*, 35 F.3d 29, 36 (2d Cir. 1994) ("[Section] 1145 permits recovery only against those employers who are already obligated, in the absence of ERISA, to make ERISA contributions.").

[15] 29 U.S.C. § 1109.

[16] *Id*. § 1106.

8

After reviewing the record *de novo*, we reject the Fund's contentions. We adopt in full the reasoning of the District Court, as set forth in its opinion dated November 2, 2020. Specifically, we hold that the Fund failed to plausibly allege that the Contractors had obligations to contribute to the Fund, as would be required for a delinquent contribution claim under ERISA. Neither the contracts for school bus services nor the Fund's governing documents required the Contractors to make the contributions demanded. Further, the EPP did not constitute either an ERISA pension plan or a collectively bargained agreement. Finally, we agree with the District Court that the Fund failed to plausibly allege that Defendants are liable under ERISA as fiduciaries or by participating in prohibited transactions. In sum, we hold that the District Court did not err in dismissing the Amended Complaint pursuant to Rule 12(b)(6) with prejudice.

### III. CONCLUSION

We have considered all of the arguments raised by the Fund on appeal and find them to be without merit. For the foregoing reasons, we adopt the November 2, 2020 opinion and order of the District Court as our own, and therefore we **AFFIRM** the November 4, 2020 judgment of the District Court.