[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12421

_____

HENRY LOSCH,
a.k.a. John Losch,

                                        Plaintiff-Appellant,

*versus*

NATIONSTAR MORTGAGE LLC
d.b.a. Cooper, Mr.,

                                        Defendant,

EXPERIAN INFORMATION SOLUTIONS, INC.,

                                        Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 2:18-cv-00809-MRM

_____

Before JORDAN, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

In *Losch v. Nationstar Mortgage LLC*, 995 F.3d 937, 947–48 (11th Cir. 2021) (*Losch I*), we reversed the district court's grant of summary judgment in favor of Experian on Henry Losch's claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681e & 1681i ("FCRA"), and remanded for a jury trial. The jury found in favor of Experian, and Mr. Losch now appeals.

Following oral argument and a review of the record, we affirm. Because we write for the parties, we assume their familiarity with the record and set out only what is necessary to explain our decision.[1]

# I

Mr. Losch argues that the district court erred in a number of its evidentiary rulings. Reviewing for abuse of discretion, *see Gen.*

_____

[1]As to any arguments not discussed, we summarily affirm.

*Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997), we discern no reversible error.

First, the district court did not abuse its discretion in admitting some of the filings from Mr. Losch's bankruptcy proceedings. Mr. Losch contends that the filings were irrelevant, but we disagree. "Rule 401 adopts a very broad concept of relevance," Roger C. Park & Aviva Orenstein, Trial Objections Handbook 2d § 2:1 (Sept. 2023), and the filings were relevant to whether Experian's policy—to not review bankruptcy court dockets when faced with a consumer's claim of a bankruptcy discharge—was reasonable. Although it is undisputed that Experian did not look at the record in Mr. Losch's bankruptcy case, the purported complexity of bankruptcy filings to some degree supported Experian's contention that its do-not-review policy was reasonable under the FCRA. Moreover, given that the district court told the jury that the Nationstar debt had been discharged, and that Experian's reporting was incorrect, Mr. Losch was able to argue to the jury that the bankruptcy filings did not matter with respect to reasonableness.

Second, the district court did not err in admitting into evidence Mr. Losch's second amended complaint, which was the operative pleading. As a general matter, the pleading of a party (including allegations or statements in a plaintiff's complaint) may be offered against him as the admission of a party opponent. *See, e.g., Continental Ins. Co. of N.Y. v. Sherman*, 439 F.2d 1294, 1298 (5th Cir. 1971). Here, Mr. Losch was unable to recall whether he had sued Nationstar Mortgage, and his recollection was not refreshed when

he was shown his operative complaint. That pleading was relevant to whether Mr. Losch had sued Nationstar, and to whether it was Nationstar or Experian (or both) which failed to act reasonably. It was therefore admissible.

Third, we reject Mr. Losch's argument that the district court erred in failing to conduct Rule 403 balancing with respect to the admission of the second amended complaint. Mr. Losch may be right that Experian used that complaint for all it was worth (and maybe even more), but a litigant is generally bound by the admissions in his pleadings. *See Dos Santos v. U.S. Att'y Gen.*, 982 F.3d 1315, 1319 (11th Cir. 2020). Under the circumstances, we do not think that the complaint's probative value was substantially outweighed by the danger of unfair prejudice. *See Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1318 (11th Cir. 2019).

Fourth, the district court did not err in instructing the jury on judicial notice with respect to the complaint. A court may, of course, take judicial notice of a pleading. *Cf. Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278, 1278 n.10 (11th Cir. 1999). That means that the court takes judicial notice that (a) the pleading was filed and (b) the pleading contains certain allegations. The court does not take judicial notice of the truth of the allegations contained in the pleading. We have held, for example, that when a court takes judicial notice of a judicial order, it does not do so for the purpose of accepting what is stated in the order as true. *See United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of

recognizing the 'judicial act' that the order represents or the subject matter of the litigation."). And our sister circuits have come to a similar conclusion with respect to the judicial notice of a party's complaint. *See, e.g., Beauvoir v. Israel*, 794 F.3d 244, 248 n.4 (2d Cir. 2015); *In re Omincare, Inc. Sec. Litig.*, 769 F.3d 455, 468–69 (6th Cir. 2014).

Mr. Losch's counsel agreed that there was no "legitimate basis" for opposing judicial notice, and therefore acquiesced to the taking of such notice. And though the judicial notice instruction pertaining to the complaint might have at first been a bit loose, we conclude that there is no reversible error, especially given the final instruction. The final instruction told the jury that the court "did not take judicial notice that any facts alleged in the Second Amended Complaint have been proven," only that the complaint was filed. *See* Tr. Vol. V. at 108.[2]

Fifth, we agree with Mr. Losch that the district court erred in ruling that evidence that other credit reporting agencies ("CRAs") had accurately reported on the status of his debt was irrelevant. The evidence was relevant to whether Experian—itself a CRA—had acted reasonably. But we can affirm an evidentiary ruling on a ground present in the record even if that ground was not relied upon by the district court. *See, e.g., United States v. McGlothin*, 705 F.3d 1254, 1266 n.17 (10th Cir. 2013); *United States v. Provenzano*, 620 F.2d 985, 993 (3d Cir. 1980); *United States v. Rosenstein*, 474 F.2d

---

[2] Given this instruction, we also fail to see how Mr. Losch was prejudiced by the admission of the complaint.

705, 711–13 (2d Cir. 1973).  And here Experian correctly argued that the proposed testimony would have constituted hearsay because it sought to reveal the contents of reports by the other CRAs that were not in evidence and that were not within Mr. Losch's personal knowledge.  *See, e.g., United States v. Shiver*, 414 F.2d 461, 463–64 (5th Cir. 1969) (testimony by detective that a car was stolen from Miami Beach, Florida, was hearsay because it was based on a report and not his own knowledge).  If Mr. Losch wanted to introduce the reports of the other CRAs, he should have tried to move them in as business records or tried to call representatives of those CRAs as witnesses.

## II

Mr. Losch also asserts that the district court erred in failing to give certain jury instructions and in not preventing Experian's counsel from denigrating his counsel.  Conducting abuse of discretion review as dictated by cases like *Brink v. Direct General Ins. Co.*, 38 F.4th 917, 922–23 (11th Cir. 2022), we again find no basis for reversal.

First, we reject the argument that the district court erred in instructing the jury that Mr. Losch had the burden of establishing that Experian acted unreasonably.  As we explained in *Losch I*, to "state a claim under § 1681e, the plaintiff must show that the agency's report contained factually inaccurate information, that the procedures it took in preparing and distributing the report weren't 'reasonable,' and that damages followed as a result."  995 F.3d at 944.  And our sister circuits similarly have held that it is the

22-12421               Opinion of the Court                    7

plaintiff in an FCRA case who must demonstrate that the agency's procedures were not reasonable. *See Wright v. Experian Info. Sols., Inc.*, 805 F.3d 1232, 1239 (10th Cir. 2015); *Dalton v. Cap. Assoc. Indus., Inc.*, 257 F.3d 409, 416 (4th Cir. 2001); *Sepulvado v. CSC Credit Servs., Inc.*, 158 F.3d 890, 896 (5th Cir. 1998).

Second, we conclude that the district court did not abuse its discretion in failing to give the jury a curative instruction with respect to the alleged disparagement of Mr. Losch's counsel by Experian's counsel. Mr. Losch is correct that Experian's counsel had no business highlighting the fact that his trial counsel had also been his bankruptcy counsel, and we suspect that Experian's counsel engaged in this tactic to argue—as they did expressly at closing argument—that it was Mr. Losch's counsel who were somehow responsible for Experian's own inaccurate report. The better course of action would have been for the district court provide an instruction, as it initially said it would do, that the jury should disregard any suggestion by Experian that Mr. Losch's counsel were to blame for the error in the report. But the abuse of discretion standard gives a district court a "range of choice," and under that deferential standard "there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call." *In re Rasbury*, 24 F.3d 159, 168 (11th Cir. 1994). That is the situation here.

### III

Mr. Losch has not established reversible error.  We therefore affirm the district court's entry of judgment on the jury verdict in favor of Experian.

**AFFIRMED.**