11-859-cv
Rogers v. Capital One Servs., LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of November, two thousand eleven.

PRESENT:  AMALYA L. KEARSE,
          REENA RAGGI,
                    *Circuit Judges*,
          LAWRENCE E. KAHN,
                    *District Judge.*[*]

-----------------------------------------------------------------------
HENRY ROGERS, on behalf of himself and all those
similarly situated,
                    *Plaintiff-Appellant*,


          v.                                        No. 11-859-cv


CAPITAL ONE SERVICES, LLC, UNITED RECOVERY
SYSTEMS, LP, CAPITAL ONE BANK (USA),
NATIONAL ASSOCIATION,
                    *Defendants-Appellees*.[**]
-----------------------------------------------------------------------

---

[*] Judge Lawrence E. Kahn of the United States District Court for the Northern District of New York, sitting by designation.

[**] The Clerk of Court is directed to amend the caption as shown above.

1

APPEARING FOR APPELLANT:        SERGEI LEMBERG (Susan Schneiderman, *on the brief*), Lemberg & Associates LLC, Stamford, Connecticut.

APPEARING FOR APPELLEES:        CAMERON S. MATHESON, Murphy & McGonigle, P.C., Glen Allen, Virginia.

Appeal from the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 1, 2011, is AFFIRMED.

Plaintiff Henry Rogers appeals from the dismissal of three putative class claims against defendant United Recovery Systems, LP ("URS") for alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), see 15 U.S.C. §§ 1692e(10), (14), 1692f; as well as from the denial of his motion for leave to file an amended complaint to add two parallel claims under Connecticut's Creditors' Collection Practices Act ("CCPA"), see Conn. Gen. Stat. § 36a-646, against defendants Capital One Services, LLC ("Capital One Services"), and its parent, Capital One Bank (USA), National Association ("Capital One Bank").[1] We review de novo a judgment of dismissal pursuant to Fed. R. Civ. P. 12(b)(6). See Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95 (2d Cir. 2010). We review a denial of leave to

---

[1] Rogers's operative complaint asserted six FDCPA claims against URS, but Rogers appeals the district court's dismissal of only the three claims discussed herein. Likewise, while Rogers sought to add four CCPA claims against Capital One Services and Capital One Bank, he appeals only as to two of those claims. The district court entered judgment after Rogers voluntarily dismissed with prejudice his outstanding FDCPA claims against Capital One Services and Capital One Bank.

2

amend only for abuse of discretion, which we will not identify if the proposed amendment would be futile. See In re Lehman Bros. Mortgage-Backed Sec. Litig., 650 F.3d 167, 188 (2d Cir. 2011). In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Rogers's operative complaint alleges that the contents of a February 4, 2010 letter sent to him by Capital One Services, and incorporated into the complaint, violated the FDCPA. Although Rogers has now abandoned his FDCPA claims against Capital One Services and its parent, Capital One Bank, he submits that the district court erred in dismissing three claims against URS on the ground that URS did not author or transmit the letter to Rogers or exercise any control over Capital One Services. For purposes of this appeal, we assume without deciding that a party may "use" misleading communications in violation of the FDCPA even without authoring or transmitting the communications or controlling the party that did so. We need not pursue the matter further, however, because, even if the allegations that Capital One Services and URS acted in tandem were sufficient to demonstrate URS's "use" of the February 4, 2010 letter, we would still affirm dismissal for failure to state any plausible claim that the letter violates the FDCPA. See Algarin v. Town of Wallkill, 421 F.3d 137, 139 (2d Cir. 2005) (holding that judgment may be affirmed on any ground supported by record).

Our reasons for concluding that Rogers fails to state any plausible FDCPA claims track the district court's futility analysis in rejecting Rogers's proposal to file an amended

3

complaint adding parallel CCPA claims. Rogers acknowledges that the elements of these state claims are identical to those of their FDCPA counterparts.

In Count II of the operative pleading, Rogers alleges that defendants violated 15 U.S.C. § 1692e(10), which prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." See Kropelnicki v. Siegel, 290 F.3d 118, 126 n.5 (2d Cir. 2002). While the count does not particularize what about the letter was false or deceptive, in the counterpart pleading of the proposed amended complaint—Count III—Rogers alleges that the letter used attractive repayment terms to "lure" consumers into negotiations with seasoned debt collectors. App. at 46. Because Rogers nowhere alleges that the repayment offer was not as represented, this pleading is necessarily insufficient to state a § 1692e(10) claim.

Count III of the proposed amended complaint further alleges that the letter failed to disclose a debt collection purpose or the identity and role of the debt collecting entity. In fact, the letter states—in boldface type—both that "[t]his is an attempt to collect a (consumer) debt," App. at 14, and that "[t]his communication is from a debt collector," id. While Rogers complains that this disclosure was made on the back of the letter, the FDCPA does not, by its terms, require that such disclosures be made on the first or front page of a communication. Moreover, the first page of the letter instructs recipients—again, in boldface type—to see the reverse side for "important information." Id. at 13. Further, the letter identifies Capital One Services as the debt collector who will service Rogers's debt either directly or through "one of our external agencies." Id. Rogers points to nothing false in

4

these representations, nor can he plausibly allege deception from the mere fact that URS is not identified by name as the particular external agency that Capital One Services will use for servicing Rogers's debt. Thus, Count II was properly dismissed, and the amendment to add parallel CCPA claims in proposed Count III was correctly denied as futile.

Count IV of the operative pleading alleges that URS violated 15 U.S.C. § 1692e(14), which prohibits a debt collector from using "any business, company, or organization name other than the true name of the debt collector's business, company, or organization." As to this count, Rogers complains that Capital One Services failed to identify URS's connection to the February 4, 2010 letter. This does not allege that Capital One Services or URS ever failed to use their true name in dealing with Rogers. At most, it complains of a failure to identify URS as the external agency that Capital One Services would use on Rogers's account. Because the letter sent by Capital One Services informed Rogers of the possible involvement of such an external agency, if not the exact identity of such agency, he cannot plausibly state a claim for a violation of § 1692e(14).

Count V of the operative complaint alleges a violation of 15 U.S.C. § 1692f, a catchall provision prohibiting the use of any "unfair or unconscionable means to collect or attempt to collect any debt." See Schweizer v. Trans Union Corp., 136 F.3d 233, 236 n.2 (2d Cir. 1998). As the district court noted, this claim rests entirely on the allegations already discussed and fails for the same reasons. Thus, Count V was properly dismissed and amendment to add a parallel CCPA claim in proposed Count VII correctly denied as futile.

5

In sum, because Rogers failed to state plausible FDCPA claims in Counts II, IV, and V of the operative complaint, and because amendment of the complaint to add CCPA claims in proposed Counts III and VII would have been futile, the district court's judgment dismissing the complaint and denying Rogers leave to amend is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court