*Wilson v. Kellogg Co.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of January, two thousand sixteen.

Present:

        CHESTER J. STRAUB,
        DEBRA ANN LIVINGSTON ,
        DENNY CHIN,
            *Circuit Judges*,

_____

KYLE WILSON,

        *Plaintiff-Appellant,*

      v.                                15-2237

KELLOGG CO.,

        *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | KENNETH B. MOCK, Uniondale, N.Y. |
| For Defendant-Appellee: | JAMES M. WICKS (Kathryn C. Cole, on the brief), Farrell Fritz, P.C., Uniondale, N.Y. |

**UPON DUE CONSIDERATION WHEREOF** it is hereby **ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Kyle Wilson ("Wilson") appeals a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*), dismissing his second amended complaint (the "Complaint"). In the Complaint, Wilson alleged that Defendant-Appellee Kellogg Co. ("Kellogg") breached an implied contract and was unjustly enriched when it failed to compensate him for its use of an idea he submitted in late 2008 through Kellogg's online portal through which consumers could submit ideas for new products. A 5 ¶5. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review *de novo* the dismissal of a complaint for failure to state a claim upon which relief can be granted." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011). When evaluating a motion to dismiss, a reviewing court must "draw all reasonable inferences in [the] Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). "In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991). "A complaint is deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004) (quoting *Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002)) (citations omitted).

In its motion to dismiss, Kellogg attached what it claimed were the Terms and Conditions to which Wilson agreed upon submission of his purported innovation in 2008. Kellogg's proffered Terms and Conditions explicitly state that "Kellogg is not obligated in any way to pay for a submitted innovation. If Kellogg Company does decide to use your innovation and it is not protected by a patent or copyright, Kellogg may, in its sole discretion, grant you an award, not to exceed $5,000." A 66. In opposition to Kellogg's motion, Wilson acknowledged that "[t]he Terms and Conditions were considered a legally binding agreement for the submission of ideas," A 83, but questioned the authenticity of the version proffered by Kellogg. The District Court dismissed the Complaint, determining that the Terms and Conditions were integral to the Complaint and thus properly before the court on a motion to dismiss, *Wilson v. Kellogg Co.*, __ F. Supp. 3d __, No. CV 14-2817 (LDW), 2015 WL 3937511, at *3 (E.D.N.Y. June 25, 2015); that the "Declaration of Kellogg's in-house counsel, [James K. Lewis]" in support of the Terms and Conditions was sufficient to override the Plaintiff's objections as to authenticity, *id.*; and, finally, that the existence of a binding, express contract governing the terms of the parties' compensation rendered both of Wilson's claims unsustainable, *see id.* at *5-6. The District Court also found that the Terms and Conditions were not procedurally unconscionable, *see Clark v. DaimlerChrysler Corp.*, 706 N.W.2d 471, 474 (Mich. Ct. App. 2005) ("In order for a contract or contract provision to be considered unconscionable, both procedural and substantive unconscionability must be present."), relying not on the text of the proffered Terms and Conditions, but merely on the basis, clear from the Complaint, that the "Plaintiff had the option not to accept Kellogg's Terms and Conditions, and to not submit his idea through Kellogg's website," *Wilson*, 2015 WL 3937511, at *6 n.1.

3

On appeal, Wilson challenges only that portion of the District Court opinion that found that the proffered Terms and Conditions were properly before it on a motion to dismiss. He cites to our decision in *Faulkner v. Beer*, which held that "even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document . . . [and] that there exist no material disputed issues of fact regarding the relevance of the document." 463 F.3d 130, 134 (2d Cir. 2006). We do not reach this argument and affirm, instead, on alternate grounds. Even assuming, *arguendo*, that Wilson is correct – that *Faulkner* precluded the District Court from taking the Terms and Conditions proffered by Kellogg as the specific version to which Wilson assented – the District Court's apt reasoning still necessitates dismissal of Wilson's Complaint. *See Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 100 (2d Cir. 2015) (explaining that we "may affirm on any ground with support in the record").

Wilson concedes that the Terms and Conditions he signed constitute a "legally binding agreement for the submission of ideas." A 83. Indeed, on appeal he notes that the Terms and Conditions could "reasonably be considered the governing agreement" in this litigation. Pl. Reply Br. at 1. Further, Wilson does not challenge the District Court's determination that the Terms and Conditions were not unconscionable – a determination that in no way hinged on whether the specific version of the Terms and Conditions submitted by Kellogg in this litigation is the correct one, but merely assessed the procedural context in which Wilson signed the agreement. These two concessions are fatal to Wilson's claims. They confirm that an express contract – the Terms and Conditions (regardless of which precise version Wilson signed) – governed Wilson's relationship with Kellogg, and thus that, as the District Court held, Wilson's only two claims – for breach of *implied* contract and unjust enrichment – are unsustainable.[1]

---

[1] Because the parties' submissions assume that Michigan substantive law applies pursuant to a

4

*See Hudson v. Mathers*, 770 N.W.2d 883, 887 (Mich. Ct. App. 2009) (holding that where "an express contract [was] in place between plaintiff and [defendant] that governed" the compensation sought by plaintiff, plaintiff may not recover "under a theory of unjust enrichment"); *Belle Isle Grill Corp. v. City of Detroit*, 666 N.W.2d 271, 280 (Mich. Ct. App. 2003) ("[A] contract will be implied only if there is no express contract covering the same subject matter.").

Accordingly, and on the basis of this alternate ground, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

choice-of-law clause in the Terms and Conditions to which Wilson agreed, we apply that state's law. *See Arch. Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009).