**SCAROLA MALONE & ZUBATOV LLP, Plaintiff,**

**Richard J.J. Scarola, Plaintiff–Appellant,**

v.

**McCARTHY, BURGESS & WOLFF, Defendant–Appellee,**

**Verizon Communications, Inc., Defendant.**

**No. 15–2311–cv.**

United States Court of Appeals, Second Circuit.

Feb. 11, 2016.

Richard J.J. Scarola, Alexander Zubatov, Scarola Malone & Zubatov LLP, New York, NY, for Plaintiff–Appellant.

Concepcion A. Montoya, Kyle M. Medley, Hinshaw & Culbertson LLP, New York, NY, for Defendant–Appellee.

PRESENT: B.D. PARKER, DENNY CHIN and SUSAN L. CARNEY, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Richard J.J. Scarola ("Scarola") appeals a June 24, 2015 memorandum and order of the United States District Court for the Southern District of New York dismissing his claims. The district court granted the motion of defendant-appellee McCarthy, Burgess & Wolff ("MBW") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Scarola's Fair Debt Collection Practices Act ("FDCPA") claim, 15 U.S.C. § 1692 et seq., on the ground that the alleged debt was not covered by the FDCPA because it arose from a commercial and not a consumer transaction.[1] The

---

1. The district court did not enter a separate judgment dismissing the action as required by Fed.R.Civ.P. 58(a). When a judgment is required to be set out in a separate document

district court then declined to exercise supplemental jurisdiction over the state law claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the grant of a motion to dismiss under Rule 12(b)(6) *de novo*, "accepting as true the factual allegations in the complaint and drawing all inferences in the plaintiff's favor." *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir.2015). "[N]aked assertion[s]" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

While the FDCPA protects consumers from "abusive debt collection practices," 15 U.S.C. § 1692(e), it "applies only in instances where a debt collector attempts to collect a 'debt' within the meaning of the Act," *Degrosiellier v. Solomon & Solomon, P.C.*, No. 00–CV–1065, 2001 WL 1217181, at *3 (N.D.N.Y. Sept. 27, 2001) (citing 15 U.S.C. § 1692c–j). Under the statute, "debt" is defined as "any obligation or *alleged obligation* of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are *primarily for personal, family, or household purposes*." 15 U.S.C. § 1692a(5) (emphases added). "What matters in the context of an FDCPA claim is the asserted basis for the obligation to pay." *Beauvoir v. Israel*, 794 F.3d 244,

248 (2d Cir.2015) (internal quotation marks omitted). The FDCPA does not cover "actions arising out of commercial debts." *Goldman v. Cohen*, 445 F.3d 152, 154 n. 1 (2d Cir.2006).

■ Here, as alleged in the second amended complaint (designated by plaintiffs as the "Further Amended Complaint") (hereinafter, the "Complaint"), the alleged debt arose from purported transactions related to a business telephone account of the law firm Scarola Malone & Zubatov LLP ("SMZ"). Clearly, this was not an account used "primarily for personal, family, or household purposes." Accordingly, to the extent that the alleged debt, whether actually owed or mistakenly assessed, stems from telecommunications services provided by Verizon to SMZ, the claim arises out of a commercial transaction and is not covered by the FDCPA. *Goldman*, 445 F.3d at 154 n. 1 *see also Goldsmith v. HSW Financial Recovery, Inc.*, 757 F.Supp.2d 95, 98–99 (D.N.H.2010) (attempt to collect from individual on a non-existent debt obligation alleged to have arisen from a commercial lease was not for personal, family, or household purposes, and therefore not covered under the FDCPA).

In an effort to bring these claims under the FDCPA, Scarola alleges in the Complaint that MBW attempted to collect alleged debts for payment of bills "of no conceivable origin or basis" that must have arisen from a transaction that was "primarily for personal, family or household purposes." Complaint ¶¶ 1, 16, 49–50. These allegations, however, are mere con-

---

but is not, judgment is deemed entered 150 days after the entry of the dispositive order. Fed.R.Civ.P. 58(c)(2)(B). Despite the lack of a judgment, this Court has jurisdiction to hear the appeal of the order, which was a "final decision" within the meaning of 28 U.S.C. § 1291. *See Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66–67 (2d

Cir.2011) (finding this Court has jurisdiction to review a "final decision"—"one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945))).

clusory statements not supported by facts from which the inference could be reasonably drawn that collection efforts arose from a consumer transaction. Accordingly, they are not entitled to a presumption of truth. *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

On appeal, Scarola argues that the Complaint could not be dismissed at the pleadings stage because the origin of the false debt "presents a question as to the true 'character' of the underlying events." Appellant's Br. at 25–27. This argument is without merit. Scarola did not include any factual allegations in his Complaint to support the inference that the amount in dispute arose from a consumer transaction, and, accordingly, he failed to state a claim upon which relief could be granted. *Cf. Davis v. Hollins Law,* 968 F.Supp.2d 1072, 1080 (E.D.Cal.2013) (material issue of fact existed where plaintiff alleged debt arising from personal charges on a business credit card). Again, he does not allege any transaction that was "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5).

Scarola also argues that in the circumstance where a disputed debt never actually existed and collection efforts were targeted at an individual, the alleged non-existent debt should be deemed to arise from a personal transaction. We reject this argument because it contradicts the plain language of the statute by attempting to define "consumer debt in accordance with the actions of the debt collector, rather than the true nature of the debt." *Slenk v. Transworld Sys., Inc.,* 236 F.3d 1072, 1076 (9th Cir.2001) (citing 15 U.S.C. § 1692a(5)); *see also Holman v. W. Valley Collection Servs., Inc.,* 60 F.Supp.2d 935, 937 (D.Minn.1999) ("[I]f a communication to the debtor's home converted any commercial debt into an obligation under the FDCPA, it would be tantamount to an amendment of the clear intent of Congress.").

We have reviewed Scarola's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the memorandum and order of the district court dismissing Scarola's Complaint under Rule 12(b)(6).