15-1584-cv (L)
Avila v. Riexinger & Associates, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 22nd day of March, two thousand sixteen.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                     *Circuit Judges*.

_____

ANNMARIE AVILA, an individual; on behalf of herself and all others
similarly situated, SARA ELROD, an individual; on behalf of herself
and all others similarly situated,

                     *Plaintiffs-Appellants*,

               v.                                          15-1584-cv (L)
                                                           15-1597-cv (Con)

Riexinger & Associates, LLC, a Georgia Limited Liability Company,
Crown Asset Management, LLC, a Georgia Limited Liability Company,
Stephen P. Riexinger, an individual and in his official capacity, John and
Jane Does, Numbers 1 through 25, Bureaus Investment Group Portfolio
No.15, LLC, an Illinois Limited Liability Company,

                     *Defendants-Appellees*.[1]

_____

Appearing for Appellants:     PHILIP D. STERN, Stern Thomasson LLP (Andrew T.
                              Thomasson, *on the brief*), Union, NJ.

---

[1] The Clerk of Court is respectfully directed to amend the official caption to conform with the caption above.

Appearing for Appellees:     WILLIAM G. BALLAINE, Landman Corsi Ballaine & Ford P.C.
(Jennifer Ramme, *on the brief*), New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Dearie, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED IN PART, VACATED IN PART, AND REMANDED**.

Plaintiffs-Appellants Annmarie Avila and Sara Elrod appeal from the April 14, 2015 judgment of the United States District Court for the Eastern District of New York (Dearie, *J.*), dismissing their claims under the Fair Debt Collections Practices Act ("FDCPA"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review de novo a district court's grant of a defendant's motion to dismiss." *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 223 (2d Cir. 2015). "To survive a motion to dismiss, a complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

In this summary order, we address the district court's dismissal of plaintiffs' claims that defendants violated the FDCPA by sending collection letters that allegedly (1) misrepresented the level of attorney involvement in the debt-collection process, (2) falsely implied that defendants would take legal action against plaintiffs if they failed to respond, (3) attempted to collect an amount of interest not permitted by law, and (4) failed to disclose the name of the creditor to whom the debt was owed.[2]

In considering whether the collection letters at issue here comply with the FDCPA, we consider the letters "from the perspective of the 'least sophisticated consumer.'" *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). As we explained in *Jacobson*:

> The purpose of the least-sophisticated-consumer standard . . . is to ensure that the [FDCPA] protects the gullible as well as the shrewd. But in applying this standard, we bear in mind the Act's dual purpose: in addition to protecting consumers against deceptive debt collection practices, the objective test we apply protects debt collectors from unreasonable constructions of their communications. Even in crafting a norm that protects the naive and the credulous, we have carefully preserved the concept of reasonableness. Accordingly, the FDCPA does not aid plaintiffs whose claims are based on bizarre or idiosyncratic interpretations of collection notices.

---

[2] An accompanying opinion addresses plaintiffs' claim that defendants violated the FDCPA by sending plaintiffs a collection notice stating their "current balance" without disclosing that the balance might increase over time due to interest and fees.

2

*Id.* (citations and internal quotation marks omitted).

## I. Misrepresenting the Level of Attorney Involvement

Section 1692e of the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e(3) specifically prohibits a debt collector from "false[ly] represent[ing] or impl[ying] that any individual is an attorney or that any communication is from an attorney."

Plaintiffs argue that the collection letters at issue here violate these provisions because they falsely imply that an attorney is meaningfully involved in the debt-collection process. But we have held that if a letter "includes disclaimers that should make clear even to the 'least sophisticated consumer' that the law firm or attorney sending the letter is not, at the time of the letter's transmission, acting as an attorney," then "an attorney can, in fact, send a debt collection letter without being meaningfully involved as an attorney within the collection process." *Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 364 (2d Cir. 2005) (emphasis omitted). The letters at issue here contained such disclaimers; indeed, they contained the same disclaimers that we approved in *Greco*. Whatever the merits of *Greco*, we are bound by that decision. Thus, the district court properly dismissed plaintiffs' claim in this regard.

Plaintiffs also contend that including a "NY License Number" violates the FDCPA because it falsely implies that the attorney is licensed in the State of New York. Defendants admit that Riexinger is not licensed to practice law in New York, but contend that the inclusion of the "NY License Number" does not violate the FDCPA because it accurately refers to a license number issued by the New York City Department of Consumer Affairs. New York City Rules require individuals licensed by the Department of Consumer Affairs to include in any "printed matter of a licensee" the "license number assigned to the licensee by the New York City Department of Consumer Affairs."[3] New York City Rules tit. 6, § 1-05. We agree with defendants that the inclusion of a "NY License Number" in these circumstances does not amount to the kind of false, deceptive, or misleading representation that Section 1692e was intended to prohibit, and so the district court properly dismissed plaintiffs' claim in this regard as well.

## II. Threatening Legal Action

Plaintiffs also contend that the letters violate the FDCPA because they falsely imply that defendants will take legal action against them if they fail to respond. In particular, plaintiffs contend that the letters' reference to taking necessary "action" and considering additional "remedies" violates Section 1692e and Section 1692e(5), which prohibits a debt collector from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken." But the letters do not threaten legal action. Rather, they simply state that the debt collector "*may* consider additional remedies" and that the accounts were placed with an attorney for "such

---

[3] Section 1-05 goes on to state, "The license number must be clearly identified as a New York City Department of Consumer Affairs number." Although we find that the inclusion of the license number here did not violate the FDCPA, it would behoove licensees in the future to specify that their "license number" refers to the New York City Department of Consumer Affairs number.

action as necessary." App'x at 59, 109. Such equivocal statements do not give rise to liability under Section 1692e.

## III. Attempting to Collect an Amount of Interest Not Permitted by Law

Section 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). In Avila's amended complaint, she alleges that defendants violated Section 1692f(1) by attempting to collect interest in excess of the interest rate set by New York's usury laws.

The district court held that this claim is time-barred under the FDCPA's one-year statute of limitations. *See* 15 U.S.C. § 1692k(d). Defendants sent the collection letter to Avila on August 2, 2012, but Avila did not assert this claim until she filed her amended complaint on March 3, 2014. Avila argued in the district court that her claim is timely because it "relates back" to the date of the original pleading, July 31, 2013. The district court rejected this argument and found that Avila's claim did not relate back. We agree.

Federal Rule of Civil Procedure 15(c) provides, "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As we have explained:

> The purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. For a newly added action to relate back, the basic claim must have arisen out of conduct set forth in the original pleading. Under Rule 15, the central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading. Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs.

*Slayton v. Am. Exp. Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (citations and internal quotation marks omitted).

We agree with the district court that "in alleging a violation of 1692f, the amended complaint relies on a whole new set of facts relating to the rate of interest being charged—operative facts not at issue in the original complaint." *Avila v. Riexinger & Assocs., LLC*, No. 13 CV 4349 RJD LB, 2015 WL 1731542, at *9 (E.D.N.Y. Apr. 14, 2015). Thus, the district court correctly found that this claim does not relate back and, accordingly, that the claim is time-barred.

## IV. Failing to Disclose the Name of the Creditor to Whom the Debt Was Owed

Section 1692g(a)(2) requires that debt collectors disclose "the name of the creditor to whom the debt is owed." 15 U.S.C. § 1692g(a)(2). The letter sent to Avila stated, "The firm of

Riexinger & Associates, LLC is a law firm representing CROWN ASSET MANAGEMENT, LLC, the current creditor of the above referenced account which originated with WELLS FARGO." Avila claims that this statement violates the FDCPA because it is false. But the only allegation that she relies on in support of this claim is the conclusory assertion that she "is informed and believes" that Crown Asset Management is not the current creditor. App'x at 28. Such a conclusory assertion is insufficient to state a claim to relief that is plausible. *See Iqbal*, 556 U.S at 678.

## CONCLUSION

We have considered the remainder of Appellants' arguments and find them to be without merit. For the reasons given in this summary order and the accompanying opinion, we VACATE the judgment of the district court insofar as it dismissed plaintiffs' claim that violated the FDCPA by sending plaintiffs a collection notice stating their "current balance" without disclosing that the balance might increase over time due to interest and fees. We AFFIRM the judgment of the district court insofar as it dismissed plaintiffs' other claims.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5