MARGO K. BRODIE, United States District Judge
Plaintiff Barouk Maleh commenced the above-captioned putative class action against Defendant United Collection Bureau, Inc. ("UCB"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). (Compl., Docket Entry No. 1.) Defendant moves to dismiss the Complaint for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Def. Mot. to Dismiss ("Def. Mot."), Docket Entry No. 15; Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 15-1.) For the reasons discussed below, the Court grants Defendant's motion.
*269 I. Background
The Court assumes the truth of the factual allegations in the Complaint for the purpose of deciding Defendant's motion. At some time prior to August 31, 2016, Plaintiff allegedly incurred an obligation to Citibank, N.A. ("Citibank"). (Compl. ¶ 15.) According to Plaintiff, "[t]he ...obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes." (Id. ¶ 16.) At an unspecified time thereafter, Citibank contracted with Defendant to collect the debt. (Id. ¶ 21.) Defendant then sent Plaintiff a written letter dated August 31, 2016, seeking payment in satisfaction of the debt. (Id. ¶ 22; Def. Collection Letter dated Aug. 31, 2016 ("Collection Letter"), annexed to Compl. as Ex. A.) The bottom of the letter listed the creditor as Citibank, N.A., stated that the letter was regarding a "Citi Mastercard," and listed Plaintiff's "Current Account Balance" as $26,658.34. (Collection Letter.) The top of the letter stated, in relevant part, the following:
The below is an itemized accounting of the debt as required by state statute:
(Collection Letter.) Plaintiff filed suit on October 21, 2016 on behalf of himself and all other New York residents who received a collection letter from Defendant in substantially the same form. (Compl. ¶ 12.) Plaintiff argues that Defendant's attempt to collect "post charge-off interest"[1] violates sections 1692e and 1692f of the FDCPA, (id. ¶¶ 31-47), and that the Collection Letter, in "fail[ing] to disclose whether the balance may further increase due to interest and fees," (id. ¶ 60), fails to "clearly, explicitly and unambiguously convey the amount of debt" in violation of section 1692g, (id. ¶ 61). Plaintiff seeks damages, as well as declaratory and injunctive relief. (Id. ¶¶ 7, 72.)
II. Discussion
a. Standard of review
In reviewing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint liberally, "accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor." Concord Assocs., L.P. v. Entm't Prop. Trust , 817 F.3d 46, 52 (2d Cir. 2016) (quoting Chambers v. Time Warner Inc. , 282 F.3d 147, 152 (2d Cir. 2002) ); see also Tsirelman v. Daines , 794 F.3d 310, 313 (2d Cir. 2015) (quoting Jaghory v. N.Y. State Dep't of Educ. , 131 F.3d 326, 329 (2d Cir. 1997) ). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly , 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Matson v. Bd. of Educ. , 631 F.3d 57, 63 (2d Cir. 2011) (quoting Ashcroft v. Iqbal , 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ); see also Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc. , 712 F.3d 705, 717-18 (2d Cir. 2013). Although *270 all allegations contained in the complaint are assumed true, this principle is "inapplicable to legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal , 556 U.S. at 678, 129 S.Ct. 1937.
b. Statutory framework
"Congress enacted the FDCPA 'to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.' " Vincent v. The Money Store , 736 F.3d 88, 96 (2d Cir. 2013) (quoting 15 U.S.C. § 1692e ); see also Carlin v. Davidson Fink LLP , 852 F.3d 207, 214 (2d Cir. 2017) ("We have ...recognized that the 'FDCPA was passed to protect consumers from deceptive or harassing actions taken by debt collectors.' " (emphasis omitted) (quoting Kropelnicki v. Siegel , 290 F.3d 118, 127 (2d Cir. 2002) ) ). "To accomplish these goals, the FDCPA creates a private right of action for debtors who have been harmed by abusive debt collection practices." Benzemann v. Citibank, N.A. , 806 F.3d 98, 100 (2d Cir. 2015) (citing 15 U.S.C. § 1692k ).
To establish a violation under the FDCPA, "(1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt [must be] considered a 'debt collector,' and (3) the defendant [must] ha[ve] engaged in an[ ] act or omission in violation of FDCPA requirements."[2] Polanco v. NCO Portfolio Mgmt., Inc. (Polanco II) , 132 F.Supp.3d 567, 578 (S.D.N.Y. 2015) (quoting Plummer v. Atl. Credit & Fin., Inc. , 66 F.Supp.3d 484, 488 (S.D.N.Y. 2014) ).
c. Failure to adequately allege a debt under the FDCPA
Defendant argues that Plaintiff has not adequately alleged that the debt at issue is covered by the FDCPA. (Def. Mem. 9-10.)
The FDCPA protects debtors in connection with the collection of certain debts, but not others. The Act "defines a 'debt' as 'any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.' " Beauvoir v. Israel , 794 F.3d 244, 247 (2d Cir. 2015) (quoting 15 U.S.C. § 1692a(5) ); see Eades v. Kennedy, PC Law Offices , 799 F.3d 161, 170 (2d Cir. 2015) (quoting same); Scarola Malone & Zubatov LLP v. McCarthy, Burgess & Wolff , 638 Fed.Appx. 100, 102 (2d Cir. 2016) ("While the FDCPA protects consumers from abusive debt collection practices ...it applies only in instances where a debt collector attempts to collect a 'debt' within the meaning of the Act." (citations omitted) ).
Plaintiff has failed to plead facts establishing that the debt at issue falls within the scope of the FDCPA's protection. Plaintiff's only allegation regarding the nature of the debt is that it "arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes." (Compl. ¶ 16.) This allegation does not provide *271 the necessary factual support to sustain Plaintiff's claim.[3] See Scarola Malone & Zubatov LLP , 638 Fed.Appx. at 102. In Scarola , the Second Circuit affirmed the district court's dismissal of the plaintiff's FDCPA claims where the complaint stated that the "alleged debt arose from purported transactions related to a business telephone account," and was thus a commercial debt that did not fall within the FDCPA's definition of "debt." Id. The Second Circuit also addressed an additional statement in the plaintiff's complaint, which alleged that the debt was "primarily for personal, family or household purposes." Id. The Second Circuit rejected the argument that this allegation brought the debt within the ambit of the FDCPA, finding it to be a "mere conclusory statement[ ] not supported by facts from which the inference could be reasonably drawn that collection efforts arose from a consumer transaction." Id. at 102-03. The Court recognizes that, unlike the plaintiff in Scarola , Plaintiff has not pled facts affirmatively suggesting that the debt at issue is commercial in nature or otherwise outside the FDCPA's reach. However, the Second Circuit's view of the additional allegations in Scarola is nonetheless instructive. Like the plaintiff in Scarola , Plaintiff's allegation that the debt at issue "arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes" are mere conclusory statements that regurgitate the statutory definition of "debt" without pleading any facts from which the Court could ascertain or even infer "the asserted basis for the obligation to pay,"ibr.US_Case_Law.Schema.Case_Body:v1">4 id. at 102 (quoting Beauvoir , 794 F.3d at 248 ).
Numerous courts have concluded that plaintiffs who recite the statutory definition of "debt" rather than plead facts regarding the debt's nature have not adequately pled an FDCPA claim. See Garcia v. Primary Fin. Servs. , 605 Fed.Appx. 418, 418-19 (5th Cir. 2015) (affirming dismissal of claims based on identical language, and reiterating prior holding that "recitation of a key statutory phrase, without any accompanying factual content, was merely a threadbare recital of a cause of action" (alteration, internal citation and quotation marks omitted) (quoting Garcia v. Jenkins Babb, LLP , 569 Fed.Appx. 274, 276 (5th Cir. 2014) ); Piper v. Meade & Assocs., Inc. , 282 F.Supp.3d 905, 912, 2017 WL 4516698, at *6 (D. Md. 2017) ("The mere recitation of the statutory language that the debt was 'incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a debt as that term is defined by *272 15 U.S.C. § 1692a(5),' constitutes 'a legal conclusion couched as a factual allegation and the Court is not bound to accept it as true.' " (alteration and internal quotation marks omitted) (quoting Papasan v. Allain , 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) ); Shetty v. Lewis , No. 16-CV-3112, 2017 WL 1177993, at *6 (N.D. Cal. Mar. 30, 2017) (dismissing FDCPA claim where the plaintiff "allege[d] conclusorily that 'the debt evidenced by the purported Note and deed of trust arise [sic] out of a loan transaction entered primarily for personal, family, or household purposes ...and consistent with 15 U.S.C.A. § 1692a(5)' " (second alteration in original) ); Billie v. Credit Collection Servs. , No. 16-CV-786, 2017 WL 396536, at *3 (D. Conn. Jan. 30, 2017) (collecting cases dismissing FDCPA claims based on similar allegations, and while acknowledging that "there is no indication on the face of the Complaint that the Court has reason to believe that the alleged debt" was not covered, dismissing the plaintiff's claim because "the Second Circuit made clear that the allegation that a transaction was 'primarily for personal, family or household purposes[,]' as required by the FDCPA, is 'not entitled to a presumption of truth' " (citing Scarola Malone , 638 Fed.Appx. at 102-03 ) ); Sanon-Lauredant v. LTD Fin. Servs., L.P. , No. 15-CV-6529, 2016 WL 3457010, at *2 (D.N.J. June 22, 2016) (dismissing FDCPA claim because the "plaintiff has merely repeated the language of the statute" and collecting cases); Jenkins v. Santiago , No. 11-CV-1082, 2012 WL 3242354, at *3 (M.D. Fla. Aug. 8, 2012) (dismissing FDCPA claim based on allegation that debt was "incurred primarily for personal, family, or household purposes" because "[t]his is merely a reiteration of the statutory definition" (citation omitted) ); Nicholas v. CMRE Fin. Servs., Inc. , No. 08-CV-4857, 2009 WL 1652275, at *2 (D.N.J. June 11, 2009) (dismissing as "conclusory" and "devoid of any factual detail" claims based on allegations that "addresses [the plaintiff's] debt in language derived from 15 U.S.C. § 1692a(5) as 'a financial obligation arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes' "). Plaintiff's allegations are therefore insufficient to state a claim under the FDCPA.
However, even assuming Plaintiff adequately alleged a debt covered by the FDCPA, he fails to plead a claim under sections 1692e and 1692f for the reasons set forth below.[5]
*273 d. Claim under 15 U.S.C. § 1692e and 1692f
Plaintiff alleges that Defendant's attempt to collect post charge-off interest in the amount of $2522.04 violates sections 1692e and 1692f of the FDCPA. (Compl. ¶¶ 31-47.) Plaintiff alleges that the collection of this interest violates section 1692f(1) because it is not a fee that is "expressly authorized by an agreement Plaintiff has with the original creditor," (id. ¶ 37), and "not permitted by any applicable law," (id. ¶ 38). In the alternative, Plaintiff alleges that Defendant has violated section 1692f(1) because it retains "all or a portion" of the post charge-off interest collected on behalf of creditors, (id. ¶ 39), and such retention is not authorized by any agreement between Plaintiff and Citibank, (id. ¶ 40). Plaintiff further alleges that Defendant's statement in the Collection Letter concerning the post charge-off interest violates various provisions of sections 1692e and 1692f because it (1) "constitutes an unfair and unconscionable means of collecting a debt," (id. ¶ 42); (2) "falsely represents the compensation which may be lawfully received," (id. ¶ 43); (3) "constitutes a false, deceptive, and misleading representation," (id. ¶ 44); (4) "is a threat to take an action that cannot be legally taken, viz., to add a fee that is not authorized by any law or by the agreement between Plaintiff and the original creditor," (id. ¶ 45); and (5) constitutes "false representation and deceptive means to collect [the post charge-off interest] without evidencing the basis for the added fee," (id. ¶ 46). Defendant argues that post charge-off interest is authorized by the Card Agreement (the "Agreement") to which Plaintiff is bound, and that South Dakota state law, which governs the Agreement, permits Citibank to charge post charge-off interest. (Def. Mem. 4-5; see also Agreement, annexed to Def. Mot. as Ex. 1, Docket Entry No. 15-2.) The Court will address each FDCPA provision, beginning with section 1692f.
i. Violation of 15 U.S.C. § 1692f
Section 1692f prohibits the use of "unfair or unconscionable means" to collect a debt. 15 U.S.C. § 1692f ; Rogers v. Capital One Servs., LLC , 447 Fed.Appx. 246, 249 (2d Cir. 2011) (describing section 1692f as a "catchall provision prohibiting the use of any unfair or unconscionable means to collect or attempt to collect any debt" (citation and internal quotation marks omitted) ); Bank v. Cooper, Paroff, Cooper & Cook , 356 Fed.Appx. 509, 511 (2d Cir. 2009) (holding that both the collection and the attempted collection of a debt in violation of section 1692f violate the FDCPA); Sutton v. Fin. Recovery Servs., Inc. , 121 F.Supp.3d 309, 314 (E.D.N.Y. 2015) (noting that in its prefatory clause, section 1692f prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt....The list of [ section] 1692f violations found in the subsections are nonexhaustive ...." (citation and internal quotation marks omitted) ). Section 1692f(1) specifically forbids "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Avila v. Riexinger & Assocs., LLC , 644 Fed.Appx. 19, 22-23 (2d Cir. 2016) (alteration omitted) (citing 15 U.S.C. § 1692f(1) ).
Under South Dakota law, "[a]ny legal rate of interest, stipulated by a contract, remains chargeable after a breach thereof, as before, until the contract is superseded by a verdict or other new obligation."
*274 S.D.C.L. § 54-3-6 ; see also Wells Fargo, N.A. v. Pierre , No. 09-CV-586, 2010 WL 1753789, at *5 (M.D. Ala. Apr. 13, 2010) (construing South Dakota statute and finding accrued interest on a mortgage to be permissible and governed by the agreement between the parties), report and recommendation adopted , No. 09-CV-586, 2010 WL 1753771 (M.D. Ala. Apr. 30, 2010).
Plaintiff has not stated a claim under section 1692f because the collection of post charge-off interest is permitted under the Agreement and under South Dakota law, which the parties do not dispute governs the Agreement.[6] The relevant state law permits Citibank to fix any rate of interest by agreement, and to continue to charge that interest until a "verdict" or "other new obligation" comes to pass. Because there are no allegations in the Complaint suggesting that either event has occurred, Citibank was therefore permitted to charge post charge-off interest under state law so long as it was "stipulated by a contract."
Plaintiff does not appear to dispute that South Dakota law permits the collection of post charge-off interest, but argues that the Agreement does not expressly authorize post charge-off interest because it "merely states that 'Federal law and the law of South Dakota govern the terms and enforcement of the Agreement.' " (Pl. Opp'n 5.) Plaintiff does not address the provisions of the Agreement cited in Defendant's brief.[7] The first such provision states that Citibank "may stop sending you statements if we deem your account uncollectible or start collection *275 proceedings, but we may continue to add interest and fees as permitted by law ." (Agreement at 2 (emphasis added).) The second provision states that Citibank "may continue to impose interest charges until we credit your account with full payment of the total amount you owe us ." (Agreement at 3 (emphasis added).) Plaintiff does not argue that he is not bound by this Agreement by virtue of his use of the credit card that incurred the debt, and he therefore lacks a basis to claim that the collection of post charge-off interest was unlawful.
Moreover, the Court rejects Plaintiff's argument that the Agreement is not controlling because it contains "no provision ...indicating that the Agreement governs the relationship between the Plaintiff and the Defendant, since Defendant was not a signatory to the Agreement between Citibank and Plaintiff." (Pl. Opp'n to Def. Mot. ("Pl. Opp'n") 5, Docket Entry No. 17 (alteration omitted).) The Complaint alleges that "Citibank, directly or through an intermediary, contracted Defendant to collect Citibank's debt." (Compl. ¶ 21.) When assessing the lawfulness of the charge, the relevant contractual relationship is that between Plaintiff and Citibank, not Plaintiff and Defendant. See Shapiro v. Riddle & Assoc., P.C. , 240 F.Supp.2d 287, 289 (S.D.N.Y. 2003) (rejecting the plaintiff's argument that a charge was unlawful because "the agreement between plaintiff and [the defendant's] client explicitly permitted the creditor to collect a reasonable fee if it were required to employ a collection agency or attorney, as it obviously was"); cf. Shami v. Nat'l Enter. Sys. , No. 09-CV-722, 2010 WL 3824151, at *4 (E.D.N.Y. Sept. 23, 2010) (denying motion to dismiss because "it is unclear at this stage of this litigation whether the underlying contract between Plaintiff and the original creditor contemplated future transactional fees"). Because Defendant was separately contracted by Citibank but acting pursuant to the Agreement between Citibank and Plaintiff which lawfully permitted post charge-off interest, the Agreement need not "govern the relationship" between Plaintiff and Defendant, nor does it need to "expressly authorize" any retention of post charge-off interest by Defendant.[8] Plaintiff has therefore failed to state a claim for violation of section 1692f.
ii. Violation of 15 U.S.C. § 1692e
Section 1692e prohibits "false, deceptive, or misleading representations." 15 U.S.C. § 1692e ; see also Delfonce v. Eltman Law, P.C. , No. 17-CV-792, 712 Fed.Appx. 17, 19, 2017 WL 4410642, at *2 (2d Cir. Oct. 4, 2017) (" Section 1692e prohibits a debt collector from using 'any false, deceptive, or misleading representation or means in connection with the collection of any debt' and sets forth a non-exhaustive list of prohibited conduct" (citing 15 U.S.C. § 1692e ) ). As relevant to Plaintiff's allegations, *276 section 1692e expressly prohibits (1) the false representation of "the character, amount, or legal status of any debt" or any "compensation which may be lawfully received by any debt collector for the collection of a debt," 15 U.S.C. § 1692e(2) ; (2) any threats to "take any action that cannot legally be taken," 15 U.S.C. § 1692e(5) ; and (3) "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt," 15 U.S.C. § 1692e(10). "A representation is 'deceptive' under section 1692e if it is 'open to more than one reasonable interpretation, at least one of which is inaccurate.' " Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP , 875 F.3d 128, 135 (2d Cir. 2017) (quoting Easterling v. Collecto, Inc. , 692 F.3d 229, 233 (2d Cir. 2012) ). The reasonableness of an interpretation is analyzed "from the perspective of the 'least sophisticated consumer,' who ... lacks the sophistication of the average consumer and may be naive about the law, but is rational and possesses a rudimentary amount of information about the world." Id. (citing Ellis v. Solomon and Solomon, P.C. , 591 F.3d 130, 134-35 (2d Cir. 2010) ).
For the reasons stated above, because Defendant's collection of post charge-off interest was not unlawful, Plaintiff has failed to plead that Defendant's statement regarding post charge-off interest: (1) was a false representation of "the character, amount, or legal status of any debt" or "the compensation which may be lawfully received" in violation of section 1692e(2) ; (2) was "a threat to take action that cannot legally be taken" in violation of section 1692e(5) ; and (3) "constitute[d] a false, deceptive, and misleading representation or means" used in the collection of a debt in violation of section 1692e(10).[9] (Compl. ¶¶ 43-45.)
III. Conclusion
For the foregoing reasons, the Court grants Defendant's motion and dismisses the Complaint. The Court grants Plaintiff leave to amend the Complaint within thirty (30) days of this Memorandum and Order to allege facts establishing that the debt at issue is covered by the FDCPA and that Defendant was not permitted by agreement or by law to impose post charge-off interest.
SO ORDERED.

"Charging off a debt is defined as 'treating (an account receivable) as a loss or expense because payment is unlikely.' " Nepomuceno v. Midland Credit Mgmt., Inc. , No. 14-CV-5719, 2016 WL 3392299, at *1 (D.N.J. June 13, 2016) (alteration omitted) (quoting Black's Law Dictionary (10th ed. 2014) ); see also Swafford v. Unifund CCR Partners , No. 13-CV-1572, 2013 WL 5701045, at *1 (N.D. Ill. Oct. 18, 2013) (defining "charged off" as "the point that the credit card receivable was no longer carried on [the creditor's] books as an asset"). "Post charge-off interest" refers to the accrual of interest after a debt has been charged off. Swafford , 2013 WL 5701045, at *1.

Defendant does not dispute that Plaintiff is a "consumer," or that Defendant is a "debt collector," as those terms are defined by the FDCPA. (See generally Def. Mem. in Supp. of Def. Mot. ("Def. Mem."), Docket Entry No. 15-1; Def. Reply in Supp. of Def. Mot. ("Def. Reply"), Docket Entry No. 16.)

To the extent Plaintiff relies on Munroe v. Nationstar , 207 F.Supp.3d 232 (E.D.N.Y. 2016), where this Court denied a motion to dismiss based on similar allegations, that case is distinguishable. In Munroe , the defendant argued-and the Court addressed-only whether the loan was a debt within the language of the statute, or was instead "a commercial transaction outside the reach of an FDCPA claim." Id. at 241. The defendant in that action relied on an "Investment Purpose Affidavit," which purportedly showed that the plaintiff "planned to use [a] [p]roperty as a rental property rather than as a personal residence, and that this admission takes the [l]oan outside the scope of section 1692a(5)." Id. "Because the Investment Purpose Affidavit [was] not properly before the Court on a motion to dismiss pursuant to Rule 12(b)(6), the Court denie[d] [the defendant's] motion to dismiss [the] [p]laintiff's FDCPA claim based on statements inside the Investment Purpose Affidavit." Id.

While the Complaint arguably contains more information than the complaint in Scarola because here, Plaintiff alleges not only that the debt was "primarily for personal, family or household purposes," but also that it "arose out of a transaction" related to "money, property, insurance or services," the latter statement is merely additional statutory language that does not supply the necessary factual support missing from the Complaint.

Plaintiff also alleges that Defendant "fail[ed] to disclose whether the balance may further increase due to interest and fees," (id. ¶ 60), and therefore did not "clearly, explicitly and unambiguously convey the amount of debt" in violation of section 1692g. In disputing whether Plaintiff has stated a claim under section 1692g, the parties focus on the Second Circuit's decision in Avila v. Riexinger & Associates, LLC , 817 F.3d 72 (2d Cir. 2016), which held that a debt collector violates section 1692e if its collection letter misleads a consumer "into believing that she can pay her debt in full by paying the amount listed on the notice" when the "balance might increase due to interest and fees." Id. at 76. The parties disagree over whether Avila requires debt collectors to affirmatively state that interest will not accrue on a stated balance when such interest is not in fact accruing, as is the case here, (compare Def. Mem. 7 with Pl. Opp'n to Def. Mot. ("Pl. Opp'n") 6-7, Docket Entry No. 16-1), and district courts within the Second Circuit have similarly reached differing conclusions, compare Derosa v. CAC Fin. Corp. , 278 F.Supp.3d 555, 557-58 (E.D.N.Y. 2017), appeal docketed , No. 17-CV-3189 (2d Cir. Oct. 4, 2017), with Islam v. Am. Recovery Serv. Inc. , No. 17-CV-4228, 2017 WL 4990570, at *1 (E.D.N.Y. Oct. 31, 2017). The Court notes that this issue is currently being considered by the Second Circuit. See Taylor v. Fin. Recovery Serv., Inc. , 252 F.Supp.3d 344 (S.D.N.Y. 2017), appeal docketed , No. 17-CV-1650 (2d Cir. May 22, 2017). Moreover, neither party addresses the broader question of Avila's applicability to claims brought under section 1692g, as opposed to section 1692e. In light of the foregoing, the Court declines to address Plaintiff's claim under section 1692g.

While a collection letter overstating interest charges could form the basis of a section 1692f(1) claim, see Duffy v. Landberg , 215 F.3d 871, 875 (8th Cir. 2000), the Court understands Plaintiff to be alleging not that the post charge-off interest was improperly calculated, but that any amount of post charge-off interest is unlawful. (See, e.g. , Compl. ¶ 12 ("Defendant's attempt at collecting more than what it initially stated was owed is exactly the type of harm Congress contemplated when enacting Section 1692f.").) Plaintiff's opposition brief, which addresses solely the lawfulness of the post charge-off interest and not the accuracy of the calculation, further suggests that Plaintiff does not rest his claim on the latter. (See generally Pl. Opp'n.)

The Court may properly consider the Agreement, which is attached to Defendant's motion to dismiss. "In determining the adequacy of a claim under Rule 12(b)(6), consideration is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." Wilson v. Kellogg Co. , 628 Fed.Appx. 59, 60 (2d Cir. 2016) (quoting Allen v. WestPoint-Pepperell, Inc. , 945 F.2d 40, 44 (2d Cir. 1991) ). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Nicosia v. Amazon.com, Inc. , 834 F.3d 220, 230 (2d Cir. 2016) (first quoting DiFolco v. MSNBC Cable L.L.C. , 622 F.3d 104, 111 (2d Cir. 2010) ; and then citing Chambers v. Time Warner, Inc. , 282 F.3d 147, 153 (2d Cir. 2002) ).
Here, the Agreement is integral to the Complaint, as Plaintiff relied on its terms and effect in alleging that the post charge-off interest is unlawful and "not expressly authorized by any agreement that Plaintiff has with the original creditor." (Compl. ¶ 37.) See Karmilowicz v. Hartford Fin. Servs. Grp., Inc. , 494 Fed.Appx. 153, 156 (2d Cir. 2012) (affirming district court's consideration of compensation plans attached to defendant's moving papers in breach of contract action); see also Glob.Network Commc'ns, Inc. v. City of New York , 458 F.3d 150, 157 (2d Cir. 2006) ("In most instances where this exception is recognized, the incorporated material is a contract or other legal document containing obligations upon which the plaintiff's complaint stands or falls, but which for some reason-usually because the document, read in its entirety, would undermine the legitimacy of the plaintiff's claim-was not attached to the complaint." (citations omitted) ).

In addition, while some courts have found a debt collector's imposition of post charge-off interest unlawful in light of the original creditor's waiver of the right to charge such interest, see, e.g., Terech v. First Resolution Mgmt. Corp. , 854 F.Supp.2d 537, 542-44 (N.D. Ill. 2012), Plaintiff has pled no facts to support a finding of waiver. See Frost v. Resurgent Capital Servs., L.P. , No. 15-CV-3987, 2016 WL 3479087, at *2-4 (N.D. Cal. 2016) (dismissing FDCPA claims upon a finding that a debt collector was entitled to collect post charge-off interest under state law, and rejecting the plaintiff's waiver arguments); Swafford , 2013 WL 5701045, at *3 (dismissing FDCPA claims based on debt collector's collection of post charge-off interest because the complaint "does not contain any allegation that specifically states that Citibank communicated to Defendants that Citibank decided not to charge interest on [the plaintiff's] account and intended to waive that right," and did not contain "sufficient allegations ...to plausibly suggest a waiver on the part of Citibank as to its conduct specifically relating to [the plaintiff's] account").

In addition, the Complaint alleges that "Defendant used false representation and deceptive means to attempt to collect $2522.04 in 'post charge-off interest' without evidencing the basis for the added fee." (Compl. ¶ 46.) While it is unclear whether this allegation depends on the unlawfulness of the post charge-off interest, Plaintiff did not clarify or address this argument in his opposition brief, and in any event, the Court is unaware of any authority holding that a debt collector violates either section 1692e or 1692f for failure to "evidence the basis" of a fee which is otherwise lawful and where the plaintiff does not allege that this failure risks rendering the letter "open to more than one reasonable interpretation," Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP , 875 F.3d 128, 135 (2d Cir. 2017) (quoting Easterling v. Collecto, Inc. , 692 F.3d 229, 233 (2d Cir. 2012) ); cf. Garcia v. Law Offices Howard Lee Schiff P.C. , No. 16-CV-00791, 2017 WL 1230847, at *6 (D. Conn. Mar. 30, 2017) (denying motion to dismiss where collection letter "included two balances-a 'charge-off balance' and a 'current balance'-and did not explain why the two balances were different").